928 P.2d 42

**John M. WHEATON, Claimant–Appellant,**

v.

**INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

No. 22501.

Supreme Court of Idaho,
Coeur d'Alene, October 1996 Term.

Dec. 16, 1996.

Michael J. Vrable, Hayden, for claimant–appellant.

Alan G. Lance, Attorney General; Carol B. Groover, Special Deputy Attorney General, Post Falls, for defendant–respondent.

JOHNSON, Justice

This is a workers' compensation case. We conclude as follows:

1. The referee's decision not to reopen the case is not appealable because the Commission did not approve and confirm the decision.

2. There is substantial and competent evidence to support the Commission's finding that the claimant did not establish a prima facie case of total and permanent disability under the odd-lot doctrine.

3. The claimant did not preserve for appeal the admissibility of testimony of a vocational expert because the claimant did not object to the consideration of this testimony.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

John M. Wheaton (Wheaton) was injured while working as a driver for United Parcel Service (UPS). His combined impairment rating, including impairments caused by this injury as well as other medical circum-

stances, is forty-four percent of the whole person.

After entering into a lump sum settlement agreement with UPS for the injuries he suffered on the job, Wheaton filed a complaint against the Industrial Special Indemnity Fund (ISIF) alleging that he is totally and permanently disabled and entitled to payments from ISIF. Following a hearing before a referee (the referee) appointed by the Industrial Commission (the Commission), ISIF took the deposition of a vocational expert (ISIF's vocational expert), which was presented to the referee. Wheaton filed a request to reopen the case to present more testimony by himself addressing the vocational expert's deposition testimony, but did not object to the testimony of ISIF's vocational expert. The referee denied Wheaton's request to reopen.

The referee found that Wheaton was not totally and permanently disabled under the odd-lot doctrine for the following two reasons: (1) Wheaton did not prove a prima facie case under the odd-lot doctrine, and (2) even if Wheaton had proved a prima facie odd-lot case, ISIF proved that there were jobs available for Wheaton. The referee's findings of fact, conclusions of law, and proposed decision and order do not mention the referee's denial of Wheaton's request to reopen. After reviewing the record, the Commission approved, confirmed, and adopted the referee's findings of fact and conclusions of law as its own, but did not refer to the referee's order denying Wheaton's request to reopen. Wheaton made no attempt to obtain consideration by the Commission of his request to reopen.

## II.

**THE REFEREE'S DENIAL OF WHEATON'S REQUEST TO REOPEN IS NOT APPEALABLE BECAUSE IT WAS NOT APPROVED AND CONFIRMED BY THE COMMISSION.**

ISIF asserts that Wheaton may not appeal the referee's denial of his request to reopen because the Commission did not approve and confirm the denial. We agree.

In *Peterson v. Farmore Pump & Irrigation*, 119 Idaho 969, 970–71, 812 P.2d 276, 277–78 (1991), based on I.C. §§ 72–506, –718, and –724, and I.A.R. 11(d), the Court declined to address a referee's order denying a motion to compel discovery because the Commission did not specifically approve and confirm the order. The Court ruled that the order was not appealable because it was not an order of the Commission, but only of the referee. The same is true in the present case.

We note that I.C. § 72–718 provides that "within twenty (20) days from the date of filing the [Commission's] decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative." This provides a procedure by which a party may seek a ruling by the Commission on a matter decided by a referee that was not confirmed or approved by the Commission in its approval, confirmation, and adoption of the referee's findings and conclusions.

## III.

**THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE TO SUPPORT THE COMMISSION'S FINDING THAT WHEATON DID NOT PROVE A PRIMA FACIE ODD–LOT CASE.**

Wheaton asserts that there is no substantial and competent evidence to support the Commission's finding that he did not prove a prima facie odd-lot case. We disagree.

Absent a prima facie odd-lot case as a matter of law, which Wheaton does not claim, there are three methods for a claimant to prove a prima facie odd-lot case:

1. by showing what other types of employment the employee has attempted;

2. by showing that the employee, or vocational counselors, employment agencies, or the job service on behalf of the employee, have searched for other work for the employee, and that other work was not available; or

3. by showing that any efforts of the employee to find suitable employment would have been futile.

*Huerta v. School Dist. No. 431,* 116 Idaho 43, 49, 773 P.2d 1130, 1136 (1989).

■■■ This Court may set aside the Commission's order if the findings of fact are not supported by any substantial evidence. I.C. § 72–732. "The determination of whether or not the [claimant] falls within the 'odd-lot' classification is a factual one. Such a determination of fact by the Commission can be set aside only if not based on substantial competent evidence." *Reifsteck v. Lantern Motel & Cafe,* 101 Idaho 699, 701, 619 P.2d 1152, 1154 (1980). Furthermore, the Court will not disturb the Commission's conclusions on the weight of the evidence unless they are clearly erroneous. *Lethrud v. State,* 126 Idaho 560, 563, 887 P.2d 1067, 1070 (1995); *Reiher v. American Fine Foods,* 126 Idaho 58, 61, 878 P.2d 757, 760 (1994). In addition, the Court must view the facts and inferences of the Commission in the light most favorable to the prevailing party. *Lethrud,* 126 Idaho at 563, 887 P.2d at 1070.

There is substantial and competent evidence to support the Commission's finding that Wheaton did not prove that he can not do the work that was attempted. While it is clear that he can no longer lift packages at UPS, a psychologist, a physical therapist, and a general physician determined that Wheaton could perform sedentary work for approximately seven to eight hours a day if he was allowed to sit and stand at will. Although the psychologist stated that Wheaton has some difficulty with short-term attention skills and concentration for novel tasks, the psychologist also stated that Wheaton demonstrated an ability to follow instructions and complete tasks during the two-hour testing period. Taking into account Wheaton's past teaching experience and degrees, this evidence supports the finding that Wheaton is qualified for sedentary jobs.

There is also substantial and competent evidence to support the finding that Wheaton did not prove that he has searched for work, or that such a search would be futile. Wheaton testified that he asked about working at a lumber mill, for the city of Plummer, and for a tribal official. The Commission found that Wheaton remains qualified to teach. Although Wheaton was sixty-three years old at the time of the hearing, the Commission determined that his advanced education and his work experiences give him skills necessary for sedentary employment.

### IV.

**WHEATON DID NOT OBJECT TO THE DEPOSITION TESTIMONY OF ISIF'S VOCATIONAL EXPERT, AND THEREFORE DID NOT PRESERVE FOR APPEAL THE COMMISSION'S CONSIDERATION OF THIS EVIDENCE.**

■■ Wheaton asserts that the Commission should not have considered the deposition testimony of ISIF's vocational expert. We do not address this issue because Wheaton did not object to the testimony, and therefore did not preserve the issue for appeal.

"Evidence introduced without objection stands as evidence in the case for all purposes and if sufficiently probative may support a finding." *Hamby v. J.R. Simplot Co.,* 94 Idaho 794, 796, 498 P.2d 1267, 1269 (1972) (involving a worker's compensation proceeding in front of the Industrial Accident Board). Because Wheaton did not object to the testimony of ISIF's vocational expert, the issue was not preserved for appeal. *See Combs v. Kelly Logging,* 115 Idaho 695, 698, 769 P.2d 572, 575 (1989) (holding that argument raised for the first time on appeal will not be heard).

### V.

#### CONCLUSION.

We affirm the decision of the Commission.

We award costs on appeal to ISIF.

McDEVITT, C.J., and SILAK and SCHROEDER, JJ., concur.

TROUT, JJ., concurs in Parts I, II, III, and V and concurs in the result of Part IV.