998 P.2d 1122

**Joe SIMPSON, Claimant–Respondent– Cross Appellant,**

**v.**

**LOUISIANA–PACIFIC CORP.,**
Defendant–Appellant–
Cross Respondent,

**and**

**State of Idaho, Industrial Special Indemnity Fund, Defendant–Respondent– Cross Respondent.**

No. 24426.

Supreme Court of Idaho,
Coeur d' Alene, October 1999 Term.

April 20, 2000.

---

Starr Kelso Law Office, Chtd., Coeur d'Alene, for appellant Louisiana–Pacific Corp. Starr Kelso argued.

Michael J. Verbillis, Coeur d'Alene, argued for respondent Simpson.

Carol B. Groover, Post Falls, argued for respondent Industrial Special Indemnity Fund.

WALTERS, Justice.

This is an appeal from the Industrial Commission. We vacate the Commission's findings of fact and conclusions of law and remand for a ruling on Louisiana Pacific Corporation's motion for reconsideration regarding several of the referee's decisions. We also direct the Commission to comply with I.C. § 72–715.

## BACKGROUND AND PROCEDURAL HISTORY

On February 7, 1990, Joe Simpson was throwing wood off a Louisiana–Pacific Corporation (L–P) production line to the back of a pickup when he felt a popping sensation in his back. Simpson finished his shift, but the next day was diagnosed with a lumbosacral muscle strain. Simpson did not immediately miss any work as a result of this injury or make a claim for temporary disability benefits. He returned to work, but at a lighter duty position.

Simpson continued with his light-duty position and received treatment for his muscle strain, but he eventually began to experience

difficulty in walking and maintaining his balance in addition to pain. Simpson's doctors believed that he had developed an ideopathic myelopathy that was unrelated to the February 1990 industrial accident. Due to his continuing back problems, Simpson quit his job at L–P on March 4, 1991.

On January 13, 1993, Simpson filed a complaint with the Industrial Commission seeking disability benefits based upon the February 1990 accident. Following a hearing and a lengthy period of post-hearing discovery, the referee issued findings of fact and conclusions of law, which were adopted by the Commission. The Commission found that Simpson suffered a work-related injury while employed by L–P and that he was entitled to disability benefits equal to twenty percent of the whole person. However, the Commission found Simpson was not totally and permanently disabled under the odd-lot doctrine despite several pre-existing injuries.

L–P filed a motion for reconsideration of several rulings and orders made by the referee that were not specifically adopted or rejected by the Commission when it adopted the referee's findings of fact and conclusions of law. The Commission denied L–P's motion for reconsideration because L–P had not first adjudicated and received a final order from the Commission on those issues it sought to have reconsidered.

L–P appealed from the Commission's finding of disability and denial of its motion for reconsideration. Simpson cross-appealed from the Commission's finding that he was not totally and permanently disabled.

## STANDARD OF REVIEW

■ On appeal from the Industrial Commission, this Court exercises free review of the Commission's legal conclusions. *Reiher v. American Fine Foods*, 126 Idaho 58, 878 P.2d 757 (1994). However, this Court will not disturb the Commission's factual findings that are supported by substantial and competent evidence. *Id.*

## DISCUSSION

### I. The Commission improperly denied L–P's motion for reconsideration.

■ Idaho Code § 72–506 provides that orders, decisions, or awards made by a refer-

ee become orders or decisions of the Commission only when approved or confirmed by the Commission. Idaho Appellate Rule 11(d) provides for appeal "[f]rom any final decision or order of the Industrial Commission." Thus, a referee's interlocutory orders are not final orders of the Commission and are not appealable under IAR 11(d). *Dehlbom v. State*, 129 Idaho 579, 930 P.2d 1021 (1997); *Peterson v. Farmore Pump & Irr.*, 119 Idaho 969, 812 P.2d 276 (1991).

In *Wheaton v. ISIF*, 129 Idaho 538, 928 P.2d 42 (1996), this Court addressed the procedure to obtain an appealable order on matters that were decided by the referee but not addressed in the adopted findings of fact and conclusions of law. In *Wheaton*, the referee rejected claimant's request to reopen the case to present more evidence. The referee then issued findings of fact and conclusions of law, which were adopted by the Commission. The adopted findings did not mention the denial of claimant's request to reopen. After noting that the referee's ruling was not an appealable order this Court stated:

> I.C. § 72–718 provides that "within twenty (20) days from the date of filing the [Commission's] decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative." This provides a procedure by which a party may seek a ruling by the Commission on a matter decided by a referee that was not confirmed or approved by the Commission in its approval, confirmation, and adoption of the referee's findings and conclusions.

*Wheaton*, at 540, 928 P.2d at 44.

■ To obtain appealable orders, L–P filed a motion for reconsideration pursuant to our opinion in *Wheaton* asking the Commission to address several of the referee's decisions that were not addressed in the adopted findings of fact and conclusion of law. The Commission refused to address the referee's decisions as requested in the motion for reconsideration because L–P had not first adjudicated and received a final order from the

Commission on those issues it sought to have reconsidered. This decision effectively rendered the referee's decisions unreviewable because the Commission will not generally hear interlocutory challenges to decisions by the referee and this Court cannot review decisions that have not been adopted by the Commission. Clearly, the appealability of a referee's rulings cannot depend upon the referee's or Commission's decision whether to address a particular ruling in the findings of fact and conclusions of law. Therefore, we vacate the Commission's decision in this case and remand for consideration of the issues raised in L–P's motion for reconsideration as required by *Wheaton.*

**II. This Court cannot address the substantiality of the evidence supporting the Commission's decision until the Commission has properly considered the matters raised in L–P's motion for reconsideration.**

■ L–P argues that the Commission's determination regarding the extent of Simpson's disability is not supported by substantial and competent evidence. Simpson argues in his cross-appeal that the Commission's determination that Simpson is not totally and permanently disabled under the odd-lot doctrine likewise is unsupported by substantial and competent evidence. However, neither of these arguments can be evaluated by this Court until the Commission has ruled on the matters raised in L–P's motion for reconsideration. Several of the matters raised in L–P's motion concern the propriety of evidence that was either accepted or rejected by the referee. The substantiality of the evidence in this case cannot be considered independent of potential issues affecting its propriety. Consequently, we cannot address the substantiality of the evidence supporting the Commission's decision until the Commission has properly ruled on the matters raised in L–P's motion for reconsideration.

**III. Contempt proceedings**

■ One of the doctors who had examined Simpson refused to attend a deposition requested by Simpson for which he was under subpoena. Although the doctor was eventually deposed, L–P made a motion to certify facts to the district court for a contempt proceeding under I.C. § 72–715 regarding the earlier failure to appear. The Commission found that the doctor had willfully refused to obey the subpoena based partially upon a letter from the doctor to the referee, which stated:

I have received your subpoena commanding my appearance at a deposition on June 8, 1994. I have no intention whatsoever of appearing.

. . .

Again, so there is no misunderstanding, I will not be attending the deposition scheduled for June 8, 1994.

The Commission, however, did not certify the facts to the district court. The Commission stayed the proceeding for thirty days to allow L–P and the doctor a chance to work out their differences.

■ Idaho Code § 72–715 provides as follows:

If any person in proceedings before the commission or a member thereof . . . disobeys or resists any lawful order or process . . . the commission . . . *shall* certify the facts to the district court . . . and the court, if the evidence warrants, shall punish such person in the same manner and to the same extent as for contempt committed before the court. . . .

I.C. § 72–715 (emphasis supplied). The Industrial Commission as "[a]n administrative agency is a creature of statute, limited to the power and authority granted to it by the Legislature and may not exercise its sub-legislative powers to modify, alter, or enlarge the legislative act which it administers." *Welch v. Del Monte Corp.,* 128 Idaho 513, 514, 915 P.2d 1371, 1372 (1996). Accordingly, the Commission exercises only that discretion granted by the Legislature. The Legislature's use of the word "shall" in section 72–715 denotes a mandatory, not a discretionary, act. *See Madison v. J.I. Morgan, Inc.,* 115 Idaho 141, 144, 765 P.2d 652, 655 (1988). ("This Court has held on many occasions that the word 'shall' denotes a mandatory, not a discretionary act."); *see also Taylor v. Browning,* 129 Idaho 483, 927 P.2d 873(1996)

("The regulation itself uses the word 'shall,' clearly indicating that the fifteen-day payment requirement is ... mandatory ..."); *Gilbert v. Moore,* 108 Idaho 165, 169, 697 P.2d 1179, 1183 (1985) ("The word *shall,* when used in a statute, is mandatory."). Accordingly, once the Commission determined that its order had been disobeyed, the Commission was required to certify the facts to the district court for contempt proceedings in this case. The district court then has the discretion to determine whether a contempt sanction is warranted under the facts as certified by the Commission.

As part of the remand in this case, the Commission is directed to comply with I.C. § 72–715.

### IV. L–P's due process rights were not violated.

■ L–P argues that its due process rights have been violated because the Commission failed to adopt more specific rules regarding the procedure for appointing referees. Although the Commission has adopted Judicial Rules of Practice and Procedure, L–P argues that the rules do not sufficiently cover the methods for appointing referees. L–P suggests that the alleged lack of rules and regulations governing the appointment of referees results in arbitrary and capricious behavior for which there is no effective remedy. As evidence, L–P points to the decisions of the referees in this case.

We do not find L–P's arguments to be persuasive. L–P has not cited any case establishing a due process right to a particular referee or even a referee appointed in a particular manner nor has it shown any possible prejudice from the manner in which the referee was appointed in this case. Once appointed, referees are governed by the Ju-

dicial Rules of Practice and Procedure established by the Commission. The duty of the referees not to act in an arbitrary and capricious manner is established by law independent of any regulations governing their appointment and is subject to enforcement by appeal to this Court.

### V. Simpson's attorney fees

Anticipating a potential issue on cross-appeal, L–P argued that the Commission's failure to award Simpson attorney fees was not reviewable because the Commission declined to address the issue, which it found to have been abandoned. Simpson never raised this issue in his cross-appeal and I.A.R. 4 provides that only an aggrieved party may appeal. Therefore, this issue is not properly before this Court.

### CONCLUSION

The Commission improperly dismissed L–P's motion for reconsideration. Therefore, we vacate the Commission's decision. The case is remanded to the Commission to address, on the merits, L–P's motion for reconsideration. The Commission is also required to comply with I.C. § 72–715, as requested by the appellant. Costs to appellant, L–P. No attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL, concur.