# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 32429

MARY JO STOLLE,

    Claimant-Appellant,

v.

CHRISTINE BENNETT, Employer,

    Defendant-Respondent.

)
)
) 2007 Opinion No. 50
)
) Boise, January 2007 Term
)
) Filed: March 28, 2007
)
) Stephen W. Kenyon, Clerk
)
)

Appeal from the Industrial Commission.

The decision of the Industrial Commission denying worker's compensation benefits is: <u>affirmed</u>.

Scott L. Rose, Boise, for appellant.

Camacho Mendoza Law Office, Boise, for respondent. Natalie C. Mendoza argued.

---

TROUT, Justice

Mary Jo Stolle appeals from a decision of the Industrial Commission (Commission) denying her worker's compensation benefits.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Stolle was employed as a driver for Christine Bennett's limousine business, which Bennett ran out of her home. Stolle claims that on December 18, 2003, she was to drive a group of people in one of Bennett's limousines. After leaving Bennett's home, Stolle discovered that the limousine didn't have gas, so she drove back to Bennett's home to obtain the fuel credit card. Stolle alleges that when she opened the door of the limousine and stepped out onto the driveway, she slipped on ice and fell down, hurting herself. She also claims that Bennett and Bennett's boyfriend, Robert Baker, witnessed the fall and then fell on the ice themselves when running to Stolle's aid. Stolle testified that all three of them went into Bennett's house to make sure Stolle was all right. Shortly thereafter, Stolle drove home, followed by Bennett's father, Jerry Gummert, who was there to make sure she got home. Stolle claims she was fired that same day.

1

At the time of Stolle's alleged fall, Bennett had not obtained worker's compensation insurance for her business.

It is Bennett's position that Stolle never fell and that she fabricated the entire incident. Both Bennett and Baker testified they were not at Bennett's house at the time of Stolle's alleged accident and neither witnessed a fall, nor did they fall themselves. Further, Bennett testified that Stolle was no longer employed by her on December 18th and, therefore, did not do any work for her on that date.

Stolle subsequently sought unemployment benefits and also filed a worker's compensation claim on January 5th. On January 6th, Stolle went to the hospital complaining of a headache and abdominal pain, reporting that she fell on December 18, 2003. The unemployment benefit case apparently resulted in a determination that Stolle was an employee of Bennett and therefore, Bennett was wrong in failing to maintain worker's compensation insurance. The worker's compensation case was assigned to a referee, who conducted a hearing. After listening to lengthy testimony and considering a number of exhibits, the referee concluded that Stolle was simply not to be believed and there was no basis for determining she was injured in an accident arising out of her employment; therefore, he denied Stolle benefits. The Industrial Commission adopted the referee's Findings of Fact, Conclusions of Law, and Recommendation (Findings). Thereafter, Stolle's attorney filed a number of motions, including a motion to take the deposition of Stolle's doctor as well as motions asking the Commission to reconsider. The Commission denied Stolle's motion to re-open the record for a post-hearing deposition of her treating physician, holding that she had not complied with Rules 10E(1) and (4) of the Judicial Rules of Practice and Procedures (JRP), which require notice of post-hearing depositions to be filed no later than ten days before the hearing. Stolle filed a Motion for Reconsideration that was subsequently denied. Stolle now appeals the Commission's Orders.

## II.

## STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 803, 118 P.3d 133, 135 (2005). Substantial and competent evidence is "relevant evidence which a reasonable mind might accept to support a

conclusion." *Id.*, quoting *Boise Orthopedic Clinic v. Idaho State Ins. Fund,* 128 Idaho 161, 164, 911 P.2d 754, 757 (1996). It is more than a scintilla of proof, but less than a preponderance. *Jensen v. City of Pocatello,* 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). All facts and inferences will be viewed in the light most favorable to the party who prevailed before the Industrial Commission and the Commission's conclusions regarding credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. *Neihart,* 141 Idaho at 802-03, 118 P.3d at 134-35.

## III.

## DISCUSSION

### A.     Post-hearing deposition

The hearing before the referee concluded on April 5, 2005. On May 2, 2005, Stolle moved to re-open the record for the post-hearing deposition of her physician, Keath Berning, D.C., to augment the record with his medical opinion regarding the cause of her injuries. The referee and Commission denied the motion, because Stolle had failed to comply with JRP 10E(1) and (4). Rule 4, which covers filing and service requirements and Rule 10E(1) are clear in requiring that a deposition be noticed up more than 10 days prior to the hearing: "Notice of all depositions to be taken pursuant to this subsection must be filed with the Commission and served on all other parties not later than 10 days prior to the hearing." JRP 10E(1). Although the Rules do provide exceptions to this requirement for good cause, no such showing was made in this case. It is clear from the record the doctor's deposition was not noticed up more than 10 days prior to the hearing and, therefore, there was no abuse of discretion in the Commission's decision refusing to allow the post-hearing deposition.

### B.     Certification for contempt

Stolle filed a notice to take the deposition of Bennett's father, Jerry Gummert. Before the deposition, a message was given to Stolle's counsel that Gummert, who was living out of state at the time, was ill and could not attend but would be available to have his deposition taken over the telephone. Stolle claims that despite being properly subpoenaed, Gummert failed to attend his deposition and thus, the Commission was required to certify the facts to the district court for contempt proceedings. Idaho Code § 72-715 provides in pertinent part:

3

> If any person in proceedings before the commission … refuses to appear after having been subpoenaed, … the commission … shall certify the facts to the district court … and the court, if the evidence so warrants, shall punish such person in the same manner and to the same extent as for contempt committed before the court ….

Stolle cites to *Simpson v. Louisiana-Pacific Corp.*, 134 Idaho 209, 212, 998 P.2d 1122, 1125 (2000) as support for her argument. This Court in *Simpson* found that "*once the Commission determined that its order had been disobeyed*, the Commission was required to certify the facts to the district court for contempt proceedings in this case." *Id.* at 213, 998 P.2d at 1126 (emphasis added). In other words, as a pre-requisite to certification, the Commission must first make a finding that there was a willful refusal to attend the deposition. I.C. § 72-715; *Simpson,* 134 Idaho at 213, 998 P.2d at 1126.

Unlike in *Simpson,* the Commission in this case found that the witness did not willfully disobey the order because "[a]t no time did [Gummert] actually refuse to testify at the deposition." *Id.* The Commission's decision is supported by substantial and competent evidence. Gummert was not living in the state and was apparently too sick to attend the deposition; however, he offered to supply a telephonic deposition.[1] The record does not indicate that Gummert was ever contacted by Stolle for a telephonic deposition or to re-schedule. Based upon the foregoing, the Commission did not err in refusing to certify Gummert's refusal to the district court for contempt proceedings.

### C.    Worker's compensation benefits

"Unless clearly erroneous, this Court will not disturb the Commission's conclusions on the credibility and weight of evidence." *Painter v. Potlatch Corp.*, 138 Idaho 309, 312; 63 P.3d 435, 438 (2003) (citing *Jensen,* 135 Idaho at 409, 18 P.3d at 214). This Court will not "re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Id.* (citing *Warden v. Idaho Timber Corp.*, 132 Idaho 454, 457, 974 P.2d 506, 509 (1999)).

The Commission adopted the referee's Findings as its own, including a finding that Stolle was not a credible witness. This finding was supported by substantial and competent evidence. The referee clearly identified why he found Stolle to be unbelievable, and he gave several

---

[1] We are not presented with the question of whether Gummert was properly subpoenaed in the first place and address only whether the Commission erred in refusing to certify the facts to the district court.

examples that called into question Stolle's credibility. For example, Stolle testified that Bennett and Baker were both present during her fall and fell themselves; however, Baker testified (and was found to be both unbiased and believable) that Stolle's alleged fall took place during his regular working hours while he was at work; thus he did not witness Stolle fall, nor did he fall himself. Further, there is testimony in the record that Stolle was fired on December 15th – three days before the alleged accident – and thus was not Bennett's employee as claimed.

The evidence in this case is clearly in dispute and one of the parties cannot be telling the truth. Because there is no way to reconcile the two versions of the testimony, there was no error in the referee making determinations, after personally viewing the demeanor of the witnesses while testifying, about whom he chose to believe. Thus, the Commission's decision to adopt the referee's findings after it independently reviewed the entire record and to deny worker's compensation benefits was not clearly erroneous.

Stolle also argues that the burden of proving the claim for benefits, or the lack thereof, should have shifted to Bennett based upon Bennett's failure to maintain worker's compensation insurance, a statutory violation. In a worker's compensation case, the claimant has the burden of proving entitlement to benefits. "The claimant must prove not only that he was injured, but also that his injury was the result of an accident arising out of and in the course of his employment. His proof must establish a probable not merely a possible connection between cause and effect to support his contention that he suffered an accident." *Neufeld v. Browning Ferris Indus.*, 109 Idaho 899, 902, 712 P.2d 600, 603 (1985); *Johnson v. Bennett Lumber Co.*, 115 Idaho 241, 244, 766 P.2d 711, 714 (1988). Bennett argues that in order to encourage employers to comply with I.C. § 72-301 and carry worker's compensation insurance, this Court should read into the law a requirement that shifts the burden of persuasion to an employer who fails to obtain coverage. This Court has historically required the claimant to carry the burden of proving that an injury arose out of and in the course of his or her employment. *Neufeld*, 109 Idaho at 902, 712 P.2d at 603; *Johnson v. Bennett Lumber Co.*, 115 Idaho at 244, 766 P.2d at 714 (1988). Stolle's argument to overturn this well-established precedent, in order to deter employers from failing to carry insurance, is unconvincing. Moreover, under the Worker's Compensation Act, employers who fail to procure liability insurance are subject to a statutory penalty pursuant to I.C. § 72-

210.[2] The burden of proof is a matter of statute and this Court has no authority to revise the statute.

**D.    Admission of exhibits**

"Strict adherence to the rules of evidence *is not* required in Industrial Commission proceedings and admission of evidence in such proceedings is more relaxed." *Hagler v. Micron Technology, Inc.*, 118 Idaho 596, 598, 798 P.2d 55, 57 (1990) (emphasis in original).  When the Legislature created the Commission, it intended that proceedings before it be as "summary, economical, and simple as the rules of equity would allow." *Hite v. Kulhenak Bldg. Contractor*, 96 Idaho 70, 72, 524 P.2d 531, 533 (1974).  The Commission should have the discretionary power to consider any type of reliable evidence having probative value, even though that evidence may not be admissible in a court of law.  *Id.*  Idaho Code § 67-5251, controlling the admission of evidence in proceedings governed by the Idaho Administrative Procedure Act, states that evidence may be admitted by the presiding officer if "it is of a type commonly relied upon by prudent persons in the conduct of their affairs."

In this case, Bennett argues that the admission of Exhibits 7 and 3 was in error and she appears to argue that other exhibits admitted into the record (Exhibits E, G, K, N, O, and V) were not considered by the Commission.

1.  Exhibit 7:

The Referee admitted Exhibit 7, a letter written by a YMCA trainer, which purported to show Bennett's whereabouts at the time of Stolle's alleged accident.  Stolle argues that Exhibit 7 should not have been admitted because no foundation was laid and it constitutes "inadmissible hearsay."  There is nothing to indicate the letter from the YMCA trainer was unreliable or untrustworthy and the Commission did not err in considering Exhibit 7, among other evidence, which led it to conclude that Stolle had failed to establish her claim for benefits.  Stolle's assertion that the exhibit constitutes inadmissible hearsay is irrelevant, as it appears the evidence was reliable and had probative value.

2.  Exhibit 3:

---

[2] "If an employer fails to secure payment of compensation as required by this act, an injured employee … may claim compensation under this law and shall be awarded, in addition to compensation, an amount equal to ten percent (10%) of the total amount of his compensation together with costs, if any, and reasonable attorney's fees if he has retained counsel."  I.C. 72-210.

6

Exhibit 3 included Bennett's personal journal entries around the date of Stolle's alleged fall. Stolle argues that Exhibit 3 was incomplete and suspect and that the referee should not have relied upon it because its prejudicial effects outweighed its probative value. Determinations of the reliability and probative value, as indicated previously, are left to the Commission. Stolle does not offer any persuasive argument about why the Commission erred in giving some consideration to this exhibit, other than a general attack on Bennett's credibility. In the decision, the referee noted that Exhibit 3 was persuasive, but not conclusive, proof that Bennett did not hire Stolle after December 15, 2003. The Commission did not abuse its discretion in considering Exhibit 3.

3. Exhibit E:

Exhibit E is a newspaper interview with Bennett published November 27, 2003, in which Bennett mentions her staff and Stolle specifically. The article was written, according to Stolle, "[a]pproximately less than one month prior to Mary Jo's slip and fall accident…." Although Exhibit E was admitted into evidence, the referee did not list it in his "evidence considered" in the Findings. Stolle argues that it was critical for the referee to consider the exhibit, because it proved Stolle was employed by Bennett on the date of the alleged accident. Exhibit E does not prove that Stolle was employed on December 18, 2003, nearly a month after the interview. The Commission exercised reasonable discretion in giving little or no weight to this evidence.

4. Exhibits G, K, N, O, V:

Stolle appears to argue that Exhibits G, K, N, O, and V were excluded from the record, although previously admitted. The agency record includes a list of "Claimant's Exhibits," which includes Exhibits G, K, N, O, and V. However, in the referee's Findings, he does not list those exhibits as "Evidence Considered." Notwithstanding the ambiguity in the referee's Findings, the Commission's Order adopting the Findings makes clear that each of the Commissioners reviewed the record: "Each of the undersigned Commissioners has reviewed the record and the recommendations of the Referee." Further, in ruling on Stolle's motion for reconsideration of its Order, the Commission stated: "In the present case, the Commission conducted a thorough review of the evidence and considered the arguments of the parties prior to rendering its original decision." There is no indication the Commission failed to consider all exhibits in evidence and, to the contrary, the Orders recite that the Commission considered the entire record. If the

7

Commission chose to give less weight to some of the exhibits, that was within its discretion and is not error.

**E.    Attorney's fees**

Pursuant to Idaho Appellate Rule 11.1, a party may be subject to sanctions if an appeal is brought frivolously and without foundation. "Under IAR Rule 11.1, sanctions will be awarded on appeal if the party requesting them proves: (1) the other party's arguments are not well grounded in fact, warranted by existing law, or made in good faith, and (2) the claims were brought for an improper purpose, such as unnecessary delay or increase in the costs of litigation." *Frank v. Bunker Hill Co.*, 142 Idaho 126, 124 P.3d 1002, 1008 (2005) (citing *Painter*, 138 Idaho at 315, 63 P.3d at 441.

This Court has awarded attorney's fees when the appealing party is simply asking the Court to reweigh the evidence and credibility determinations. *Talbot v. Ames Construction*, 127 Idaho 648, 653, 904 P.2d 560, 563 (1995). In *Talbot*, this Court imposed personal sanctions against the attorney who brought the appeal pursuant to I.A.R. 11.1, finding that he had acted in bad faith. The Court stated that he had no basis in fact for his appeal, because he admitted that substantial, competent evidence supported the Commission's findings. Further, the Court found that he presented no legal arguments as a basis for his appeal; thus, he wasted judicial resources and acted in bad faith.

During his oral argument before this Court, Stolle's attorney readily admitted he was simply asking the Court to re-weigh evidence and evaluate credibility determinations. Under clear case precedent, that is not this Court's role; therefore, the appeal is frivolous and without any legitimate basis. Further, Stolle's attorney admitted during oral argument that the total amount of medical expense Stolle incurred was $60.00 and that she was able to obtain another job shortly after Bennett terminated Stolle's employment. Despite the small amount of money in dispute, Stolle's attorney pursued the claim below and on appeal, spending a significant amount of time arguing for his attorney's fees. Thus, because this appeal invites the Court to do what it has no authority to do and has wasted judicial resources for an inconsequential sum of money, we determine the appeal was brought for improper purposes. We award fees to Bennett on appeal against Stolle's attorney, personally, pursuant to IAR 11.1.

8

**IV.**

**CONCLUSION**

We affirm the Commission's decisions in their entirety on appeal and award attorney's fees to Bennett, to be assessed against Stolle's attorney personally. We award costs on appeal to Bennett.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES **CONCUR**.