## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 33338

KATHERINE P. HIGGINS,    )
    )
    Petitioner-Appellant,    )
    )
 v.    )    **Boise, December 2007 Term**
    )
LARRY MILLER SUBARU-MITSUBISHI    )    **2007 Opinion No. 133**
and INDEPENDENT SCHOOL DISTRICT,    )
    )    **Filed: December 24, 2007**
    Employers-Respondents,    )
    )    **Stephen Kenyon, Clerk**
and    )
    )
IDAHO DEPARTMENT OF COMMERCE    )
AND LABOR,    )
    )
    Respondent.    )

Appeal from the Idaho Industrial Commission

The decision of the Industrial Commission is <u>affirmed</u>.

Katherine Higgins, Boise, appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

HORTON, Justice.

Appellant Katherine Higgins appeals from an order of the Idaho Industrial Commission (Commission) involving employers/respondents, Larry Miller Subaru-Mitsubishi (Larry Miller) and Independent School District, and respondent Idaho Department of Commerce and Labor (IDCL). This case asks the Court to decide whether the Commission considered all relevant evidence when it denied Higgins unemployment benefits.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Higgins was employed at Larry Miller Subaru-Mitsubishi from January 18, 2006, through February 18, 2006. On more than one occasion during Higgins' employment with Larry Miller,

1

management confronted her for violating company policy regarding proper sales procedures. Higgins was cited for failing to "touch the desk," or bring customers from the lot onto the sales floor.

After meeting with two customers on February 18, 2006, Higgins was confronted by general manager, Rod West, and used car manager, Jeff Newell. West alleged that Higgins failed to follow company policy and told her she would be fired if it happened again. Higgins claims West and Newell were verbally abusive during this meeting, while West and Newell claim they were both professional. The Commission found Higgins, West and Newell equally credible and declined to find any abusive behavior on the part of West and Newell. Higgins quit her job during the meeting.

Higgins applied for unemployment benefits after leaving Larry Miller. Her claim was denied by IDCL. Higgins appealed the denial to an IDCL appeals examiner. The appeals examiner held a hearing and concluded Higgins was not eligible for benefits. Higgins appealed the appeals examiner's decision to the Commission. The Commission affirmed the decision of the appeals examiner. Higgins now appeals the decision of the Commission.

## II. STANDARD OF REVIEW

Although this Court will set aside the Commission's order if it is not supported by the record, this Court will not overrule the Commission's findings solely on the ground that it might have reached a different conclusion. *Folks v. Moscow Sch. Dist. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997). When this Court reviews a decision from the Commission, it is limited to reviewing questions of law. Idaho Const. art. V, § 9; *Teevan v. Office of the Attorney Gen., Natural Res. Div., State of Idaho*, 130 Idaho 79, 82, 936 P.2d 1321, 1324 (1997). This Court will disturb the Commission's findings of fact only where they are not supported by substantial and competent, even if conflicting, evidence. *Id*. (citations omitted). Substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion. *Oxley v. Medicine Rock Specialties, Inc.*, 139 Idaho 476, 479, 80 P.3d 1077, 1080 (2003). It is more than a scintilla of proof, but less than a preponderance. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). The substantial and competent evidence standard is also equivalent to the "clearly erroneous" standard of I.R.C.P. 52(a). *Teevan*, 130 Idaho at 82, 936 P.2d at 1324.

2

Whether a claimant voluntarily quit her job for good cause in connection with employment is a question of fact. *Id*. This Court will not disturb the Commission's factual findings that are supported by substantial and competent evidence. *Id*. All facts and inferences will be viewed in the light most favorable to the party who prevailed before the Commission and the Commission's conclusions regarding credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. *Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 802-03, 118 P.3d 133, 134-35 (2005).

## III. ANALYSIS

Higgins argues she is entitled to unemployment benefits because management at Larry Miller created a hostile work environment, which forced her to quit. Higgins maintains the Commission erred because it did not consider all relevant evidence before it made its decision and that Larry Miller discriminated against her based on gender, age, religion and disability. We hold there is substantial and competent evidence in the record supporting the Commission's decision to deny Higgins unemployment benefits. Although the Commission did not address Higgins' claims of discrimination, we nevertheless affirm the decision of the Commission.

**A. Substantial and competent evidence in the record supports the Commission's decision to deny Higgins unemployment benefits.**

The Commission found that: (1) Higgins did not meet her burden of establishing that she left her employment for good cause in connection with her employment, and (2) she did not explore or exhaust viable options prior to quitting. The Commission ruled that Higgins was ineligible for unemployment benefits. We conclude that substantial and competent evidence in the record supports the Commission's decision.

I.C. § 72-1366(5) provides that a claimant is ineligible for unemployment benefits if the claimant voluntarily left his or her employment "without good cause connected with [the claimant's] employment." Whether a claimant had "good cause" to quit is a question of fact that is determined by the Commission. *Edwards v. Independence Serv., Inc.*, 140 Idaho 912, 914, 104 P.3d 954, 956 (2004). Good cause is governed by the standard of reasonableness as applied to the average person, and not to the supersensitive. *Id*. at 915, 104 P.3d at 957. "In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances." *Id*. If the termination is

3

voluntary, then the burden is on the claimant to prove he or she had good cause to quit. *Moore v. Melaleuca, Inc.*, 137 Idaho 23, 28, 43 P.3d 782, 787 (2002).

In addition to establishing that he or she voluntarily quit for good cause, a claimant must also demonstrate that he or she examined reasonable alternatives prior to quitting. *Edwards*, 140 Idaho at 915, 104 P.3d at 957. When a claimant has viable options available, voluntary separation without exploring those options does not constitute good cause for obtaining unemployment benefits. This requirement stems from the law's policy of encouraging an employer and employee to work out their differences without interrupting the employment relationship. *Id.*

### 1. Relevant evidence

Higgins argues that the Commission failed to consider all relevant evidence when it affirmed the IDCL appeals examiner's decision to deny unemployment benefits. The Commission excluded statements by Higgins' coworker, Scott Grodi, and two of Higgins' customers. The Commission concluded that Grodi's statement was based on hearsay and the customers' testimony would be irrelevant.

Under the Idaho Administrative Procedure Act, the Commission may exclude evidence that is irrelevant, unduly repetitious, or excludable on constitutional or statutory grounds, or on the basis of any evidentiary privilege provided by statute or recognized in the courts of Idaho. IDAPA 09.01.06.026.13; I.C. § 67-5251. The Commission is not, however, bound by the Idaho Rules of Evidence. *Stolle v. Bennett*, 144 Idaho 44, 49-50, 156 P.3d 545, 550-51 (2007). The Commission has the discretionary power to consider any type of reliable evidence having probative value, even if that evidence is not admissible in a court of law. *Id* at 50, 156 P.3d at 551. The Commission has the discretion to admit evidence if "it is a type commonly relied upon by prudent persons in the conduct of their affairs." *Id*.; I.C. § 67-5251. This does not mean, however, that the Commission is required to admit such evidence. Rather, the Commission is given latitude to exclude hearsay evidence.

In the instant action, the Commission excluded statements and testimony from Higgins' coworker Grodi because he was not present when Higgins was confronted by West and Newell and any testimony regarding West and Newell's actions would have been hearsay. Given that the Commission is given latitude to determine whether to admit hearsay evidence, the Commission was free to exclude Grodi's statements and testimony.

4

The Commission also excluded statements from two of Higgins' former customers, which were offered to corroborate Higgins' assertion that she did not violate company policies, on grounds of relevance. The Commission concluded the customers' testimony would be relevant to whether Larry Miller had cause to discharge Higgins but was not relevant to prove why she quit. Given that the focus of the Commission's inquiry was whether Higgins had good cause to quit and not whether Larry Miller had good cause to terminate her, we conclude the Commission properly excluded the witness's statements and testimony.

### 2. Viable options

Even if Higgins had made the required showing that there was a real and necessary circumstance that caused her to quit, she did not explore any viable options prior to quitting. The Commission noted that Higgins "acknowledged that she never tried to go beyond her immediate supervisors and work out her concerns with [her employer]." Higgins noted West was the general manager and part owner of Larry Miller and she argued it would have been futile to bring her complaints to him. However, the record indicates Higgins never attempted to work out any of her concerns about Newell and West with any other manager at Larry Miller. The record also indicates that Higgins had options other than complaining to West. The Larry Miller dealership posted phone numbers for employees to call if they felt the work environment was hostile or if the employees believed they were subjected to discrimination. Therefore, we conclude that substantial and competent evidence in the record supports the Commission's finding that Higgins failed to explore viable options prior to resigning.

**B. Although the Commission did not address Higgins' discrimination claims, her failure to explore viable options to quitting bars recovery of unemployment benefits.**

On appeal, Higgins argues she was subject to discrimination based on her gender, age, religion and disability while working at Larry Miller. In her appeal to the Commission, Higgins alleged that Larry Miller discriminated against her based on age, gender and disability. The Commission did not address these claims in its decision and order.

The record indicates Higgins did not allege any discrimination based on religion to the Commission. Higgins presents this argument for the first time before this Court. Issues not raised below and presented for the first time on appeal will not be considered for review. *Excell Constr., Inc. v. State, Dep't of Labor*, 141 Idaho 688, 693, 116 P.3d 18, 23 (2005). Therefore, we will not address Higgins' argument that she was subject to discrimination based on religion.

5

Higgins did not present evidence of discrimination to the appeals examiner. Consequently, she asked the Commission to consider additional evidence, pursuant to I.C. § 72-1368(7). That statute allows the Commission to receive new evidence that was unavailable at the time of the hearing before the appeals examiner. *Teevan*, 130 Idaho at 81, 936 P.2d at 1323.

Assuming, without deciding, that Higgins possessed new evidence of discrimination that was unavailable at the time of the hearing before the appeals examiner, we nonetheless must affirm the decision of the Commission. As noted above, in cases involving voluntary termination, in order to be eligible for unemployment benefits, the claimant must show two things: (1) that he or she quit for good cause, and (2) that he or she explored viable options prior to quitting. *Edwards*, 140 Idaho at 915, 104 P.3d at 957. The Commission did not address whether Higgins had good cause to quit because of discrimination. However, in reaching its conclusion that Higgins was not entitled to unemployment benefits, the Commission did find that Higgins failed to explore viable options because she did not try to work out her concerns with management at Larry Miller. While the Commission made this finding in its discussion of the confrontations between Higgins and West and Newell, the record shows that Higgins never attempted to go beyond her immediate supervisors in order to resolve any of her concerns, including those based on discrimination.

Although the Commission erred by not addressing Higgins' argument that she had good cause to quit due to discrimination, Higgins also bore the burden of demonstrating that she explored viable options prior to leaving her employment. She failed to meet that burden. Accordingly, we affirm the decision of the Commission.

## IV. CONCLUSION

We conclude substantial and competent evidence in the record supports the Commission's decision denying Higgins unemployment benefits. Although the Commission did not address Higgins' argument with respect to discrimination, we affirm the decision of the Commission because Higgins failed to explore viable options prior to quitting.

Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES, **CONCUR.**

6