# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36367

| | | |
|---|---|---|
| DANIEL R. FLOWERS, | ) | |
| | ) | |
| Claimant, | ) | Boise, September 2010 Term |
| | ) | |
| v. | ) | 2010 Opinion No. 141 |
| | ) | |
| SHENANGO SCREENPRINTING, INC., | ) | Filed: December 23, 2010 |
| Employer, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Appellant-Appellant on Appeal, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent-Respondent on Appeal. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Child & Fisher, Coeur d'Alene, for appellant. Jeffrey A. Child argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Tracey K. Rolfsen argued.

_____

HORTON, Justice

This is an appeal from the Idaho Industrial Commission's (Commission) decision affirming the determination by the Idaho Department of Labor's (Department) appeals examiner that Shenango Screenprinting, Inc. (Shenango) is chargeable for unemployment insurance benefits for Daniel Flowers (Flowers). Shenango appeals the Commission's decision to not grant Shenango an evidentiary hearing or remand the matter to the appeals examiner for further development of the record and the Commission's denial of Shenango's request for reconsideration. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Flowers was employed by Shenango as lead screen printer from June 2007 until he was fired on September 5, 2008. Flowers applied to the Department for unemployment compensation. The Department made an initial determination that Flowers was eligible for benefits. Shenango owner and president Jerry Fraley (Fraley) then timely appealed the determination and requested a hearing. Along with the request, Fraley included a letter explaining that Flowers was terminated because Flowers had been involved in a personal relationship with Mrs. Fraley and, in contravention of company policy, repeatedly lied about the existence of the affair.

The Department provided Shenango notice that a telephone hearing was scheduled, along with a document captioned "Important Information about Your Hearing: Read Carefully." The informational document stated that "[t]he Appeal Hearing MAY be your only chance to present witnesses and give evidence about your side of the issue. Except in rare circumstances, you will not be allowed to present additional evidence upon further appeal. The Appeals Examiner will make a new decision in your case based on the sworn testimony during the hearing." The document explained that the appeals examiner would seek to obtain relevant facts and that the appellant's rights at the hearing included the right to representation and to present and challenge witnesses and evidence. It explained that "[t]he best witnesses are people who actually saw or heard the incident(s) involved in your claim, since hearsay is less reliable." Finally, it stated that "if you have evidence which was not available at the time of the hearing, you have ten (10) days after the date of mailing of the [appeals examiner's] decision to file a written, signed request to reopen the hearing."

At the hearing, Fraley appeared on Shenango's behalf. He testified that Flowers had a relationship with Mrs. Fraley, a part-time Shenango employee and Fraley's wife, and subsequently lied about the affair on several occasions when confronted at the workplace. Fraley testified that Flowers' lies about the relationship disrupted the small business workplace by unsettling other employees to the point that at least two refused to work with him. Fraley testified that he terminated Flowers' employment because of the lies and disruption. When the appeals examiner asked if he had any other witnesses, Fraley responded "I don't think so. If I need to I can. For example, if you needed me to . . . the employees I mentioned that would refuse to work, could . . . but I don't think it's necessary. If you request it I can." Based on

Fraley's testimony, the appeals examiner found that Shenango discharged Flowers because he had an affair with Fraley's wife. However, the appeals examiner concluded that Shenango failed to meet its burden of proving that Flowers' misconduct was sufficiently connected to his work to constitute work-related misconduct and thus affirmed Flowers' eligibility for unemployment benefits.

Shenango appealed the decision to the Commission, which conducted a de novo review of the case. Neither party requested a new hearing, and the Commission found that the interests of justice did not require one. While the appeal was pending, the Commission received a letter from Flowers claiming that he had been harassed by Fraley and requesting the Commission to put an end to the alleged harassment. In the letter, he stated that Mrs. Fraley had "pursued a relationship" with him and acknowledged that he had "made a bad decision, as did Mrs. Fraley." Shenango requested the Commission strike the correspondence from the record. Although the Commission did not take action on Shenango's motion, it did not rely on the letter in reaching its decision on appeal, other than to note that it lacked jurisdiction to address Flowers' complaint of harassment. After reviewing the record on appeal, the Commission determined that "the record [was] void of any competent evidence to conclusively establish that the affair occurred" and concluded that Shenango failed to meet its burden of proving that Flowers had committed work-related misconduct. The Commission noted the absence of direct evidence that Flowers had been involved in a relationship with Mrs. Fraley, characterizing Shenango's claim as relying "solely on its verbal assertions."

Shenango requested that the Commission reconsider its decision, arguing that the appeals examiner had failed to develop all available evidence by failing to "consult[] the IDOL representative who interviewed Mr. Flowers." The Commission denied Shenango's request for reconsideration. Shenango appeals, arguing that the Commission erred by finding that it had failed to meet its burden of demonstrating that Flowers engaged in employment-related misconduct and by denying the request for reconsideration.

## II. STANDARD OF REVIEW

Industrial Commission determinations regarding supplemental hearings are reviewed for an abuse of discretion. *Teevan v. Office of Att'y Gen., Nat. Res. Div., State of Idaho*, 130 Idaho 79, 81, 936 P.2d 1321, 1323 (1997). The three-part test to determine whether the Commission has abused its discretion is: "(1) whether the Commission correctly perceived the issue as one of

discretion, (2) whether it acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Super Grade, Inc. v. Idaho Dep't of Commerce and Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007).

## III. ANALYSIS

Shenango argues that under Rule 7(C)[1] of the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law (Rules of Appellate Practice), the Commission was authorized to grant a hearing to permit Shenango to present further evidence of Flowers' misconduct or remand the matter to the appeals examiner for specific findings of fact. Shenango argues that the Commission's failure to pursue either of these avenues was an abuse of discretion. Shenango's claim that the Commission erred in denying its request for reconsideration is based solely upon the Commission's failure to permit a new hearing or remand the matter to the appeals examiner.

When an employer disputes a former employee's eligibility for unemployment compensation benefits, the appeals examiner bears "the responsibility of developing all the evidence that is reasonably available." IDAPA 09.01.06.026.11. If the employer chooses to appeal the decision to the Industrial Commission, the record is identical to the record of the proceedings before the appeals examiner "unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence." I.C. § 72-1368(7). Shenango argues that Rule 7(C) of the Rules of Appellate Practice, stating that "the Commission *shall* review the matter to determine whether the interests of justice require the presentation of additional evidence," imposes upon the Commission the obligation to sua sponte order further fact finding in the form of an evidentiary hearing or a remand to the appeals examiner whenever the record may be inadequate. (Emphasis added).

Shenango overstates the Commission's duties, while understating its own. First, while "[t]he Commission has the discretion to admit evidence if 'it is a type commonly relied upon by prudent persons in the conduct of their affairs,'" the Commission is not required to do so.

---

[1] Throughout the course of these proceedings, the parties have referenced Rule 6(C) of the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law. However, those Rules were amended on March 1, 2009, after the Commission affirmed the Department's holding and denied Shenango's request for reconsideration. Other than changing Rule 6(C)'s descriptive title, "Standard of Review for Hearing Request; Notice of Commission Hearing; Limitations on Evidence, Witnesses Presented at Hearing," to Rule 7(C)'s "Evidentiary Hearing," the text of the original and amended rules is identical. Here, the Rules are referenced in their present, post-amendment form.

*Higgins v. Larry Miller Subaru-Mitsubishi*, 145 Idaho 1, 5, 175 P.3d 163, 167 (2007) (quoting *Stolle v. Bennett*, 144 Idaho 44, 50, 156 P.3d 545, 551 (2007)). For example, the Commission may choose to exclude hearsay evidence. *Id.* Further, the Commission has the discretion to admit evidence that was not presented before the appeals examiner, but is not required to do so. *Teevan*, 130 Idaho at 81, 936 P.2d at 1323. Idaho Code § 72-1368 "allows the Commission to receive new evidence that was unavailable at the time of the hearing before the appeals examiner [but] '[t]his section is not carte blanche allowing . . . [a party] the unbridled right to present a substantially new case, absent some showing as to why the evidence had been unavailable earlier.'" *Id.* (quoting *Rogers v. Trim House*, 99 Idaho 746, 750, 588 P.2d 945, 949 (1979)). Commission rules require that a party requesting a hearing before the Commission provide "an explanation of why the proposed [additional] evidence was not presented before the examiner." Rule 7(B)(5)[2] Rules of Appellate Practice.

From the onset of a dispute, an employer must make full and deliberate use of the evidence available to it in order to meet its burden of proof. *Parker v. St. Maries Plywood*, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980). This is so because:

> The employer is in a unique position to know the reasons for his employee's discharge and access to the facts relating to that discharge will be more readily obtained by the employer than by the employee. Further, as a practical matter, the task of proving the existence of employee misconduct will be much easier for the employer than would be the employee's task of disproving a charge of employee misconduct. The employee may not always know what the employer's reasons were for discharging him.

*Id.* Thus, the employer is tasked with presenting evidence sufficient to prove that the discharge was justified by the employee's work-related misconduct.

In the present case, Shenango protested the Department's initial finding that Flowers was eligible for benefits and subsequently participated in a hearing with the appeals examiner. In relation to the appeal, an informational document was provided that made Shenango aware that evidence not submitted at the hearing would only be later admitted in "rare circumstances" and that the best witnesses were non-hearsay witnesses. Nonetheless, Shenango chose to proceed

---

[2] Like Rule 7(C) referenced *supra* note 1, Rule 7(B) is identical to Rule 6(B) of the pre-2009 amendment Rules of Appellate Practice and Procedure, except that the title of (B) has changed from "Form of Hearing Request" to the present "Application for Hearing." Rule 6(B) is referred to here in its post-amendment form.

without counsel,[3] and to submit into evidence only the Shenango employment policy and Fraley's assertions that Flowers had engaged in an affair with Mrs. Fraley and that Flowers had lied about the affair. This was the case even though Fraley acknowledged to the appeals examiner that he had access to other witnesses. Fraley even went so far as to state that "I don't think [their testimony is] necessary."

After taking an appeal to the Commission, Shenango did not request a new evidentiary hearing, and did not provide the Commission with any grounds to believe that the interests of justice would require one. To the contrary, Shenango continued to rely on the record developed before the appeals examiner, and requested that the Commission strike the correspondence from Flowers that appears to have acknowledged the affair. Thus, as required by I.C. § 72-1368(7), the Commission conducted a de novo review of the record before the appeals examiner and found that Shenango's failure to provide non-conclusory testimony or other evidence establishing the fact of an affair between Flowers and Mrs. Fraley was fatal to Shenango's misconduct claims.

It was only when Shenango requested reconsideration that it submitted a letter from Mrs. Fraley confirming the existence of the affair. However, Shenango did not explain why it did not call Mrs. Fraley to testify before the appeals examiner nor did Shenango explain why it was unable to present other evidence of the affair prior to the request for reconsideration. In short, Shenango simply did not attempt to present "an explanation of why the proposed [additional] evidence was not presented before the examiner" as required by Rule 7(B)(5), Rules of Appellate Practice.

The Commission recognized that the decision whether to permit the introduction of additional evidence was a matter of discretion when it stated that the record before it did not suggest that the interests of justice required a new hearing. The decision whether to permit the introduction of additional evidence was within the bounds of the discretion afforded the Commission. The Commission acted consistently with applicable legal standards, specifically, Rule 7(B)(5), Rules of Appellate Practice. The Commission's decision not to permit an additional hearing or remand the matter and the subsequent denial of the motion for reconsideration were simply the product of Shenango's failure to comply with this rule. It is

---

[3] In fact, Shenango chose to participate in all of the proceedings prior to its appeal to this Court without legal representation.

evident that Shenango could have presented the testimony of Mrs. Fraley or other Shenango employees before the appeals examiner. Shenango could have requested the Commission consider Flowers' letter acknowledging the affair as additional evidence and chose, instead, to ask the Commission to strike that letter. Contrary to Shenango's assertion, Rule 7(C) does not obligate the Commission to sua sponte order further fact finding. Rather, as this Court stated in *Teevan*, without a showing of circumstances justifying Shenango's failure to adequately present evidence to the appeals examiner, Shenango does not have carte blanche to present a substantially new case to the Commission. Under these circumstances, we cannot conclude that the Commission abused its discretion by failing to conduct a new hearing or remand the matter to the appeals examiner. For the same reasons, we are unable to conclude that the Commission's decision to deny Shenango's request for reconsideration was an abuse of discretion.

## IV. CONCLUSION

We affirm the Industrial Commission's decision to not grant a new hearing or remand the matter to the appeals examiner and the denial of Shenango's request for reconsideration. Costs to Respondent.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.