899 P.2d 956

Ron L. **DIETZ**, SSN 519–72–5195, Claimant–Respondent,

v.

**MINIDOKA COUNTY HIGHWAY DISTRICT, Employer–Appellant,**

and

**State of Idaho, Department of Employment, Defendant–Respondent.**

No. 21492.

Supreme Court of Idaho.
Twin Falls, March 1995 Term.

June 13, 1995.

Goodman & Bollar, Rupert, for employer-appellant. Alan C. Goodman argued.

Donald R. Workman, Burley, for claimant-respondent, Ron L. Dietz.

Alan G. Lance, Atty. Gen., Jane M. Newby, Deputy Atty. Gen., Boise, for defendant-respondent, State of Idaho, Dept. of Health & Welfare. Jane M. Newby argued.

JOHNSON, Justice.

This is an unemployment benefits case. We vacate the award of unemployment benefits and remand the case to the Industrial Commission for consideration of all three grounds for determining whether the claimant was guilty of misconduct. We also conclude that the Commission was not required to strike the claimant's letter requesting review.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Ron L. Dietz was employed by Minidoka highway district (the district) as a truck driver for eighteen years. On September 28 and 29, 1993, the district required its truck drivers to work past the normal quitting time in order to finish a highway project. On both days Dietz left work at the normal quitting time without consulting his superiors. On September 30, 1993, Dietz was terminated for these early departures. Dietz was aware that he was required to work late on September 29. Dietz contends he was not aware that he was required to work late on September 28.

Dietz applied to the department of employment (DOE) seeking unemployment benefits. The district responded, alleging that Dietz's actions in voluntarily walking off the job on September 28 and 29 were contrary to the district's best interests.

DOE denied Dietz's application for unemployment benefits, determining that he had been terminated due to misconduct. Dietz appealed to a DOE appeals examiner who upheld the denial. Dietz appealed this decision to the Commission. With his request for appeal to the Commission, Dietz included a twelve-page letter which provided information not considered by the appeals examiner, and which stated that he was not treated fairly by the district. The Commission denied the district's motion to delete this letter.

The Commission adopted the appeals examiner's findings of fact and set forth its own conclusions of law, finding that Dietz's behavior: (1) was not an "intentional or substantial disregard of the employer's interest," and (2) was a single isolated incident of comparatively nonserious nature, a lapse in judgment not rising to the level of misconduct. The district appealed.

## II.

## THE COMMISSION'S DECISION DOES NOT INDICATE THAT THE COMMISSION CONSIDERED ALL THREE GROUNDS FOR DETERMINING WHETHER DIETZ WAS TERMINATED FOR MISCONDUCT.

The district asserts that the Commission's decision does not indicate that the Commission considered all three grounds for determining whether Dietz was terminated for misconduct. We agree.

█ Unemployment benefits are not available to an employee "discharged for misconduct in connection with [the employee's] employment." I.C. § 72–1366(e) (1994). In this context, misconduct means: (1) a willful and intentional disregard of the employer's interest, (2) a deliberate violation of the employer's rules, or (3) a disregard of standards of behavior that the employer has a right to expect of an employee. *Campbell v. Bonneville County*, 126 Idaho 222, 225, 880 P.2d 252, 255 (1994).

█ At the beginning of its decision the Commission cited all three grounds for determining misconduct. In reaching its conclusion, however, it considered only one of these grounds, finding that Dietz's "conduct was not an intentional or substantial disregard of Employer's interests." The Commission failed to examine whether Dietz's conduct was a deliberate violation of the employer's rules or a disregard of standards of behavior that the employer has a right to expect of an employee.

Because a claimant's actions constitute misconduct if they fall within any of the three grounds comprising the definition of misconduct, the Commission should have considered all three grounds for determining misconduct. *See id.*

## III.

## THE COMMISSION WAS NOT REQUIRED TO STRIKE DIETZ'S LETTER.

█ The district asserts that the Commission should have stricken Dietz's letter to the

Commission requesting review because it provided information not considered by the appeals examiner, and expressed Dietz's opinion that the district treated him unfairly. We disagree.

I.C. § 72–1368 states, in pertinent part:

The record before the commission shall consist of the record of proceedings before the appeals examiner, unless it appears to the commission that the interests of justice require that the interested parties be permitted to present additional evidence. In that event, the commission may, in its sole discretion, conduct a hearing to receive additional evidence or may refer the matter back to the appeals examiner for an additional hearing and decision.

I.C. § 72–1368(g) (1994).

This statute applies only to "additional evidence." There is no indication in the Commission's decision that the Commission considered the letter as additional evidence in reaching its decision. *See Horner v. Ponderosa Pine Logging*, 107 Idaho 1111, 1114, 695 P.2d 1250, 1253 (1985) (presuming regularity in officials' performance of their duties).

## IV.

## CONCLUSION.

We vacate the order of the Commission awarding Dietz unemployment benefits and remand the case to the Commission for further consideration pursuant to our opinion.

We award the district costs on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.