IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 36693

MARK W. MUSSMAN,             )
                                      )

    Claimant-Respondent,     )
                                      )

v.                                 )
                                      )     Boise, November 2010 Term

KOOTENAI COUNTY, Employer,  )
                                      )     2010 Opinion No. 125

    Respondent-Appellant,     )
                                      )     Filed:  November 29, 2010

and                             )     Stephen W. Kenyon, Clerk

IDAHO DEPARTMENT OF LABOR,  )

    Respondent-Respondent on Appeal.  )

Appeal from the Industrial Commission.

The Industrial Commission's decision is <u>affirmed</u>.

Kootenai County Prosecutor's Office, Coeur d'Alene, for appellant. Darrin L. Murphey argued.

Honorable Lawrence G. Wasden, Boise, for respondent. Tracy K. Rolfson argued.

J. JONES, Justice.

Kootenai County appeals the Industrial Commission's determination that Mark Mussman was not terminated for employment-related misconduct and is eligible for unemployment benefits. We affirm.

## I.

## Factual and Procedural History

Mark Mussman worked as a planner in the Kootenai County Planning and Zoning Department until his discharge in 2008. During his employment with the County, Mussman received corrective action which required that he "[r]eview interpretations and policy decisions with the director and legal counsel before implementation." Mussman received this disciplinary

measure while under the supervision of Cheri Howell, an interim director of the department. Scott Clark replaced Howell as the director of the department in 2007, and was the supervisor responsible for terminating Mussman. The County terminated Mussman after he signed an affidavit for a local developer without prior department approval. The affidavit contained historical interpretations of a County ordinance that conflicted with the director's official interpretation.

After Clark replaced Howell, an initial meeting was held involving Clark, Mussman, and the local developer, Mr. Graham, to discuss the Graham Project. During this meeting, the parties discussed the department's interpretation of a County setback ordinance, as it applied to the Graham Project. Clark subsequently sent an e-mail to Mussman informing him of a new interpretation of the setback ordinance. Mussman, Clark, and others had another meeting to discuss this new interpretation. Mussman disagreed with Clark's interpretation, but "the group had a productive meeting," and Mussman recognized that the final decision was up to the director. Approximately two weeks later, Mussman signed the affidavit at Graham's request, outlining the County's prior and current interpretations of the setback ordinance. The County terminated Mussman on the grounds that his actions disregarded the County's interest, and amounted to insubordination.

Mussman applied for unemployment benefits and the Idaho Department of Labor (IDL) initially found him to be eligible. The County appealed Mussman's eligibility status and, after a telephonic hearing, the IDL Appeals Examiner reversed, finding Mussman was terminated for employment-related misconduct. At the hearing, Mussman testified that "there was no policy written or verbally communicated regarding signing of affidavits." He further testified that the interpretation provided in the affidavit was not his original interpretation but, rather, outlined the County's historical interpretation of the setback ordinance. However, the County "felt the affidavit was in direct contradiction with [Clark's] interpretation and reflected negatively on the County." Mussman appealed to the Industrial Commission, which reversed again, finding Mussman eligible for unemployment benefits. The Commission found there was no specific policy requiring approval of affidavits, and that, without either the affidavit or corrective action plan in the record, the County had failed to meet its burden of proof. The County timely appealed the decision to this Court.

2

## II.
## Issue on Appeal

I.    Whether the Commission's factual finding that Mussman's discharge was not a result of employment-related misconduct is supported by substantial and competent evidence.

## III.
## Discussion

### A. Standard of Review

When considering an appeal from the Industrial Commission, this Court exercises free review over questions of law. IDAHO CONST. art. V, § 9; *Harris v. Electrical Wholesale*, 141 Idaho 1, 3, 105 P.3d 267, 269 (2004). The Commission's findings of fact will only be disturbed if not supported by substantial and competent evidence. *Henderson v. Eclipse Traffic Control & Flagging, Inc.*, 147 Idaho 628, 631, 213 P.3d 718, 721 (2009). Substantial and competent evidence is "relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* The Commission's findings will not be disturbed solely because there is conflicting evidence in the record, or because the Court may have reached a different conclusion. *Harris*, 141 Idaho at 3, 105 P.3d at 269. "[I]t is up to the Commission to weigh the conflicting evidence and determine the credit and the weight to be given the testimony admitted." *Henderson*, 147 Idaho at 631, 213 P.3d at 721. Furthermore, all facts and inferences are viewed in favor of the prevailing party before the Commission. *Higgins v. Larry Miller Subaru-Mitsubishi*, 145 Idaho 1, 4, 175 P.3d 163, 166 (2007).

### B. Finding of No Employment-Related Misconduct

Kootenai County argues Mussman's actions constitute employment-related misconduct because he was insubordinate and disregarded the County's interest when he signed the affidavit for Graham without prior approval. The County argues its policies prohibited such conduct and that, because of the corrective action plan and testimony at the hearing, Mussman was aware of these rules and standards. However, the Commission found there was no specific policy requiring approval of affidavits and, therefore, Mussman did not intentionally disregard a known rule of the County. It determined that because both the County and Mussman presented equally credible evidence regarding a purported standard of behavior requiring Mussman to get prior approval of interpretations, the County had failed to meet its burden of proof. The Commission also found that the interpretations in the affidavit were merely historical and, therefore, Mussman

3

had not disregarded the County's interest. We find substantial and competent evidence supports each of these findings, and discuss each in turn.

An individual is only entitled to unemployment benefits where "[t]he claimant's unemployment is not due to the fact . . . that he was discharged for misconduct in connection with his employment." I.C. § 72-1366(5). Employment-related misconduct, as used in Idaho Code section 72-1366(5), includes any of the following: "(1) a willful, intentional disregard of the employer's interest; (2) a deliberate violation of the employer's reasonable rules; or (3) a disregard of a standard of behavior which the employer has a right to expect of his employees." *Kivalu v. Life Care Centers of America*, 142 Idaho 262, 264, 127 P.3d 165, 167 (2005); IDAPA 09.01.30.275.02. "The burden of proving misconduct by a preponderance of the evidence falls strictly on the employer, and where the burden is not met, benefits must be awarded to the claimant." *Harris*, 141 Idaho at 3, 105 P.3d at 269; IDAPA 09.01.30.275.01.

The Commission must consider all three grounds when making its determination of misconduct. *Smith v. Zero Defects, Inc.*, 132 Idaho 881, 884, 980 P.2d 545, 548 (1999). The focus of the inquiry is not whether the employer's reason for discharge was reasonable but, rather, whether the misconduct was work-related so as to make the employee ineligible for unemployment benefits. *Beaty v. City of Idaho Falls*, 110 Idaho 891, 892, 719 P.2d 1151, 1152 (1986). Whether an employee's behavior constitutes "misconduct" is a factual determination that will be upheld unless not supported by substantial and competent evidence. *Harris*, 141 Idaho at 3, 105 P.3d at 269.

### 1. Standard of Behavior Test

The Commission found that Mussman's conduct did not fall below a reasonable standard of behavior expected by the County because the County failed to prove that its expectation, requiring prior approval of all interpretations, had been reasonably communicated to Mussman.

Misconduct under the standard of behavior test requires the employer to prove, by a preponderance of the evidence, that (1) the employee's conduct fell below the standard of behavior expected by the employer; and (2) the employer's expectations were objectively reasonable under the circumstances. *Id.*; IDAPA 09.01.30.275.02(c). The first prong of this test speaks only to what the employer subjectively expected from the employee, while the second prong considers whether the employer's expectations are reasonable. In order for an employer's expectation to be objectively reasonable, the expectation must be communicated to the

employee, unless the expectation is the type that flows naturally[1] from the employment relationship. *Id.* Whether an employer's expectation has been reasonably communicated is a factual determination that will not be overturned if supported by substantial and competent evidence. *Desilet v. Glass Doctor*, 142 Idaho 655, 658, 132 P.3d 412, 415 (2006).

In this case, the County argues Mussman was aware of a general policy prohibiting the dissemination of interpretations prior to obtaining director approval. The County points to Mussman's testimony acknowledging the existence of a general policy "perhaps not clearly written, but taken for granted that in interpretations of the language of the ordinance, especially major ones that were questionable, had to be run through the director." However, Mussman also testified that "there was no policy written or verbally communicated [to Mussman] regarding signing of affidavits." The Commission specifically found this latter testimony to be credible and this Court does not re-weigh the evidence. Thus, even if such a general policy existed, the County's failure to communicate how that policy applied in the circumstance of affidavits, demonstrates that its expectation is unreasonable. *See Harris*, 141 Idaho at 4, 105 P.3d at 270 (affirming Commission's finding that an employer's expectation was not reasonable where it failed to communicate to its employee how a general policy of insurability applied to employee's off work activities). As such, the Commission's finding is supported by substantial and competent evidence.

Alternatively, the County argues that the corrective action plan communicated to Mussman its expectation that all interpretations be reviewed prior to release to the public. The portion of the corrective action plan read into the record provides that "You must . . . [r]eview interpretations and policy decisions with the director and legal counsel before implementation." While the Commission considered this evidence in its decision, it discounted its significance pursuant to the best evidence and hearsay rules. The County argues this creates a heightened evidentiary standard prohibited in Industrial Commission cases.

It is true that Industrial Commission proceedings operate under relaxed evidentiary standards and that exclusion of evidence based on the strict application of these rules can amount to reversible error. *See Hagler v. Micron Technology, Inc.*, 118 Idaho 596, 598-99, 798 P.2d 55, 57-58 (1990). In *Hagler*, a pro se claimant filed a claim for worker's compensation benefits,

---

[1] The County has not claimed that its asserted expectation—that affidavits be approved by the director or legal counsel—flowed naturally from the employment relationship.

alleging that a fungus on her hands was a result of her employment at Micron. *Id.* at 598, 798 P.2d at 57. In support of her claim, Hagler attempted to read from a medical treatise and admit the text in full; however, the Commission excluded the evidence based on evidentiary rules. *Id.* A majority of this Court found the exclusion to be in violation of the simplicity and equity principles underlying Industrial Commission cases. *Id.* at 599, 798 P.2d at 58.

The Commission in this case made the following comments regarding the corrective action plan and affidavit:

> Not only do the parties [sic] testimony conflict, but we are without the best evidence of the corrective action. Without a copy of the corrective action plan, we cannot determine what was truly written on the form. . . . Since the interim director did not testify, the evidence read into the record is considered hearsay. Therefore, based on the above reasons, the corrective plan read into the record carries little weight.

Unlike *Hagler*, where the Commission excluded proffered evidence based on evidentiary principles, the Commission in this case merely used the reliability principles underlying the hearsay and best evidence rules to support its determination to discount the portions of the corrective action plan read into the record. Because it is the Commission's role to "determine the credit and weight to be given the testimony admitted," we find no error in the Commission's use of evidentiary rules to justify its ultimate decision. *Henderson*, 147 Idaho at 631, 213 P.3d at 721.

The County also argues that the Commission's decision to discount the corrective action plan at a time when the County was no longer able to augment the record amounts to an injustice because neither the Appeals Examiner nor Mussman objected to its absence from the record at the time of the hearing.[2] However, this argument reflects a misunderstanding of the burden of proof which "falls strictly on the employer . . . ." *Harris*, 141 Idaho at 3, 105 P.3d at 269; IDAPA 09.01.30.275.01.

Where an employer fails to introduce evidence that the Commission ultimately determines would have been fundamental to its decision, the employer has failed to meet its

---

[2] The Commission may consider additional evidence not heard by the Appeals Examiner, where the interests of justice would require it. I.C. § 72-1368(7). However, this "injustice" requires a showing that the proffered evidence was unavailable at the time of the Appeals Examiner's hearing. *Higgins*, 145 Idaho at 6, 175 P.3d at 168. Neither party in this case can meet this showing because the affidavit and corrective action plan were read into the record and clearly available at the time of the Appeals Examiner's telephonic hearing.

burden of proof. *Appeals Examiner of Idaho Dept. of Labor v. J.R. Simplot Co.*, 131 Idaho 318, 321, 955 P.2d 1097, 1100 (1998). In *Simplot*, the employer alleged the employee disregarded the employer's interest by failing to conduct testing pursuant to OSHA and Simplot standards, but failed to introduce any written evidence regarding those standards. *Id.* Without this evidence, the Commission found Simplot failed to meet its burden of proof and noted that while the company verbally referenced OSHA regulations "these were not part of the original record, . . . [and] if Simplot had 'introduced such evidence, the Commission might have reached a different conclusion.'" *Id.* Thus, it is not the duty of the Commission or the Appeals Examiner to tell parties to a hearing what evidence should be admitted, and to what degree, because that would place the burden of proof on the hearing officers rather than the parties.

This evidentiary burden is further explained in the IDL Appeals Bureau's hearing notice, which states that it is the responsibility of the parties to submit all documents which they believe support their respective positions.

> **EVIDENCE**: Any documents that **YOU** want considered at the hearing must be submitted immediately to the Appeals Bureau and all other interested parties of the case. Since this is a **NEW** proceeding, information submitted for the Determination being protested may not have been forwarded to the Appeals Bureau. Please review the documents in this packet. *If a document critical to your position is not included, you may get it into the record by providing a copy to the Appeals Bureau AND all interested parties*. (italics added).

The notice goes on to say that "[t]he employer is required to prove misconduct."

In this case, the County failed to meet its burden of proof, like the employer in *Simplot*, by failing to introduce the critical documents that it believed demonstrated Mussman's misconduct. Its failure to do so does not create an injustice when the Commission subsequently notes the omission of such documents and decides to weigh the evidence accordingly.

Mussman argues that it was not violative of any County policy to sign affidavits because he had signed other affidavits without receiving discipline. On the other hand, the County argues that the Commission's finding that no specific policy existed regarding approval of affidavits is erroneous because, although Mussman may have signed other affidavits after receiving corrective action, Mussman did not notify the County of any other affidavits and, therefore, the County was not in a position to take disciplinary action. The record demonstrates that Mussman received corrective action in March of 2007, and that he signed at least one additional affidavit around June of 2008. The Commission found that there was "no indication that [Mussman]

7

received discipline about failing to obtain prior approval [regarding the 2008 affidavit]." Because the corrective action plan did not specifically address affidavits, and because Mussman had not received discipline for signing the 2008 affidavit, the Commission found that no specific policy existed regarding affidavits. This is a reasonable conclusion based on the evidence. As a basis for overturning the Commission's finding, the County only points to a single line of testimony wherein Mussman testified that he did not "share" the 2008 affidavit with the director of the department. However, whether this testimony means Mussman never told the County about the 2008 affidavit, or that he only failed to tell the County prior to its issuance, is a potential conflict of evidence that only the Commission has the authority to resolve. As such, this finding will not be disturbed on appeal.

The Commission's finding that the County's expectation regarding interpretations had not been reasonably communicated to Mussman is supported by substantial and competent evidence.

### 2. Willful Disregard of Employer's Interest

The County argues Mussman disregarded its interest by providing an affidavit to a third party which contained interpretations in conflict with the director's official interpretation. However, the Commission found the interpretation in the affidavit was merely "historical" and, without the full context of the affidavit, the County had failed to meet its burden of proof on the issue of willful disregard.

On this issue, the employer must prove by a preponderance of the evidence that the employee intentionally disregarded the employer's interest. IDAPA 09.01.30.275.02.

Mussman testified as follows during the hearing before the Appeals Examiner:

> I did not make the interpretation that Mr. Clark maintained in that affidavit, I was merely stating what was discussed in the past . . . . Mr. Clark did attend a meeting in June 2007, of which this interpretation—and, again, not made by myself, but made prior to my even starting at Kootenai County, was discussed, albeit very briefly. And, you know, that's—the—one of the basis for my signing that affidavit without further review by Mr. Clark and also because there was no written or verbal policy whatsoever regarding affidavits and I will reiterate that between August 28, the date I signed it, and October 14th I perused [sic] on a daily basis that I was on the county team. I did do my very best to serve the public. I did my very best to support the building and planning department . . . .

Mussman also testified that he and the director had a "productive discussion regarding that interpretation and my recollection is—at the end of that meeting is that I reiterated the fact that

he was the director and it was his final decision to make . . . ." Based on this evidence, the Commission found that "[w]hile Claimant's actions are of some concern, there is insufficient evidence to find by a preponderance of the evidence that Claimant's affidavit constituted a disregard of Employer's interest."

The Commission's finding is supported by substantial and competent evidence because a reasonable person could find credible Mussman's testimony that he "did [his] very best to support the building and planning department," that he regarded the director's decision as final, and that he honored this view in the affidavit by providing a historical timeline of the County's interpretation of the setback ordinance. Additionally, accepting the Commission's finding that the affidavit contained only historical information, the County seems to be suggesting that this Court should recognize, as an act of insubordination, a situation where a public employee distributes truthful and public information at the request of an interested citizen without obtaining prior approval from a supervisor. The only apparent purpose for such an internal-approval mechanism would be for the County to control and filter the dissemination of otherwise public information because there is no allegation that the interpretations at issue in this case are confidential or proprietary in nature. The County's efforts undermine the integrity of a transparent and open government and will not be condoned by this Court. *See*, *e.g.*, I.C. § 31-710(4) (requiring that the "books, records, and accounts [of the county board of commissioners] must be kept at the office of the clerk, open at all times for public inspection, free of charge."). *See also Noble v. Kootenai County ex rel. Kootenai County Bd. of Comm'rs*, 148 Idaho 937, 943, 231 P.3d 1034, 1040 (2010) (holding that "in order to comply with the spirit of the open meeting laws, details should be provided to the interested parties"). We find no error in the Commission's finding that Mussman did not disregard the County's interest.

### 3. Deliberate Violation of Employer's Reasonable Rules

The County also argues the Commission erred in failing to address Mussman's actions under the deliberate violation of a known rule test. In order to prove misconduct under this test, the employer must demonstrate that the "employee acted deliberately, violating a known rule." *Wulff v. Sun Valley Co.*, 127 Idaho 75, 76, 896 P.2d 979, 983 (1995). Because the Commission found that no specific rule regarding approval of affidavits existed, it determined there could be no known rule for Mussman to violate, and further addressed his misconduct under the two remaining tests.

9

There is no evidence of a specific policy stating that affidavits must be approved by the Director. Therefore, because the alleged policy violation is based on Claimant's conduct, we find that assessing whether the conduct was insubordinate or reflected negatively on the County can be better assessed under the analysis of the standards-of-behavior and a willful, intentional disregard of Employer's interest [tests].

While the County alleges this analysis fails to adequately consider all three grounds of misconduct as required by *Smith v. Zero Defects, Inc.*, that standard is appropriately met when the Commission addresses each test pursuant to the particular facts of the case. *See Dietz v. Minidoka Cty. Highway Dist.*, 127 Idaho 246, 248, 899 P.2d 956, 958 (1995). For example, in *Dietz* this Court remanded the Commission's finding of employment-related misconduct because, although the Commission recited the three types of misconduct, it only analyzed the facts pursuant to one of the tests. *Id.*

In this case, the Commission did more than recite the three grounds of misconduct and disregard the deliberate violation of a known rule test like the Commission in *Dietz*. Rather, based on its determination that no specific policy regarding affidavits existed, the Commission determined that Mussman's conduct could not fall within this category of misconduct and more fully analyzed his conduct under the remaining two tests. Because the Commission's finding that no policy requiring approval of affidavits existed is supported by substantial and competent evidence, its consideration of Mussman's conduct under the violation of a known rule test is sufficient.

## IV.

### Conclusion

Substantial and competent evidence supports the Commission's finding that Mussman was not terminated for employment-related misconduct. Thus, the Commission's conclusion that Mussman is eligible for unemployment benefits is affirmed.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.