# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38354

ANGELA S. HOPKINS,

    Claimant-Respondent,

v.

PNEUMOTECH, INC., Employer,

    Respondent-Appellant,

and

IDAHO DEPARTMENT OF LABOR,

    Respondent-Respondent on Appeal.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2011 Term

2012 Opinion No. 6

Filed: January 6, 2012

Stephen W. Kenyon, Clerk

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Bradley B. Poole, Boise, for appellant.

The Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

———————————————

J. JONES, Justice.

This is an appeal by Pneumotech, Inc. from the Idaho Industrial Commission's determination that its former employee, Angela Hopkins, was eligible for unemployment benefits. Because we find that the Commission neither erred in denying Pneumotech's request for a new hearing nor abused its discretion in upholding the award of benefits, we affirm.

## I.
## BACKGROUND

Pneumotech hired Hopkins as a bookkeeper and receptionist on July 3, 1995. She worked at Pneumotech until June 22, 2010, when her supervisor fired her. The same month, Hopkins filed a claim for unemployment benefits with the Idaho Department of Labor. After considering

1

information from Pneumotech and Hopkins, the Department issued an Eligibility Determination awarding benefits. Pneumotech filed a timely protest of the determination. On July 26, 2010, the Department mailed a notice to the parties, scheduling the hearing for August 10, 2010. Included with the notice were copies of six exhibits.

At the hearing, Pneumotech presented testimony that Hopkins was discharged because: (1) for two years she had been habitually late for work; (2) she took time off without supervisor permission; (3) she took sick time off but went to the water park instead; (4) she spent time at work playing video games and talking on her cell phone; and (5) she failed to help train a new employee when asked. Hopkins denied all of these accusations, including that her supervisor had repeatedly warned her that her conduct was unacceptable. In fact, the supervisor testified that Hopkins never received a written warning or suspension, and in January 2009, she received a $2-per-hour raise.

Based on the hearing testimony and the six exhibits provided, the appeals examiner issued a decision on August 17, 2010, affirming the Eligibility Determination. On August 26, 2010, Pneumotech filed a timely appeal of the decision to the Commission. On August 31, 2010, the Commission served a Notice of Filing of Appeal on the parties, which included a copy of the Commission's Rules of Appellate Practice and Procedure (R.A.P.P.) and expressly indicated that a compact disc of the hearing was to follow. On September 1, 2010, the Commission served a compact disc of the audio recording of the hearing on the parties. On October 8, 2010, Pneumotech filed a Request for Hearing supported by an affidavit from its counsel. The Commission denied Pneumotech's request in an October 14, 2010 order, finding the company failed to file the request within the seven-day filing window under R.A.P.P. 7(A). The Commission also concluded that, even if Pneumotech's request had been timely, it would have been denied because the company had had ample opportunity to present evidence at the initial hearing.

The Commission issued a Decision and Order on November 2, 2010, affirming the appeals examiner's decision that Hopkins was not discharged for reasons of misconduct, that she was entitled to unemployment benefits, and that Pneumotech's account was chargeable for experience rating purposes. Pneumotech timely appealed to this Court.

## II.
## ISSUES ON REVIEW

I. Did the Commission abuse its discretion in denying Pneumotech's request for a new hearing?

II.     Did the Commission's denial of Pneumotech's request for a new hearing violate its right to procedural due process?

III.    Does substantial and competent evidence support the Commission's determination that Hopkins was entitled to unemployment benefits?

## III.
### DISCUSSION

#### A.      Standard of Review

When reviewing a Commission decision, this Court's review is generally limited to questions of law. IDAHO CONST. art. V, § 9; *Pimley v. Best Values, Inc.*, 132 Idaho 432, 434, 974 P.2d 78, 80 (1999). Under I.C. § 72-1368(7), the determination of whether to consider additional evidence from the parties is in the Commission's sole discretion, and that determination shall not be overturned absent an abuse of discretion. *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). Due process issues are generally questions of law over which this Court exercises free review. *Neighbors for a Healthy Gold Fork v. Valley County*, 145 Idaho 121, 127, 176 P.3d 126, 132 (2007). When a constitutional challenge is asserted, the burden of establishing unconstitutionality rests upon the challenger. *Idaho Sch. for Equal Educ. Opportunity v. State*, 140 Idaho 586, 590, 97 P.3d 453, 457 (2004). Whether an employee's conduct constitutes misconduct is a factual determination that will be upheld unless not supported by substantial and competent evidence, and the Commission's conclusions as to credibility and weight of evidence will not be disturbed unless clearly erroneous. *Oxley v. Med. Rock Specialties, Inc.*, 139 Idaho 476, 479, 80 P.3d 1077, 1080 (2003). In reviewing a decision of the Commission, this Court views all facts and inferences in the light most favorable to the party who prevailed before the Commission. *Id.*

#### B.      The Commission did not abuse its discretion in denying Pneumotech's request for a new hearing.

On appeal, Pneumotech argues that the Commission erred in denying Pneumotech's request for a new hearing on the basis that it filed that request a month after the deadline set forth in R.A.P.P. 7(A). Specifically, the company argues that the "mailing of the record," which starts the time period running under that rule, never occurred because only a compact disc recording of the hearing was sent, without copies of the exhibits considered by the hearing examiner. R.A.P.P. 7(A). Pneumotech also takes issue with the Commission's alternative finding that notwithstanding the untimeliness of the company's request for a new hearing, it would still deny the request because Pneumotech had ample opportunity to present evidence at the initial hearing. The

3

Department argues that because the parties already had copies of all exhibits considered, service of the compact disc constituted "mailing of the record." Thus, the time to file a request for a hearing expired September 8, 2010, and Pneumotech's request was filed a month late.

We need not reach the issue of timeliness because the Commission properly exercised its broad discretion to determine that Pneumotech's request would be denied even if it had been timely. As noted above, the Commission's denial of a request for a new hearing will only be overturned in the event of an abuse of discretion. I.C. § 72-1368(7); *Uhl*, 138 Idaho at 657, 67 P.3d at 1269. In evaluating whether an abuse of discretion occurred, this Court inquires: (1) whether the issue was properly perceived as one of discretion, (2) whether the decision was within the outer boundaries of that discretion, and (3) whether the decision was reached by exercise of reason. *Flowers v. Shenango Screenprinting, Inc.*, 150 Idaho 295, 299, 246 P.3d 668, 672 (2010).

In its denial, the Commission expressly recognized that under I.C. § 72-1368(7), the determination of whether to consider additional evidence from the parties is in the Commission's sole discretion. *Uhl*, 138 Idaho at 657, 67 P.3d at 1269. Although the Commission may allow the parties to present additional evidence where "the interests of justice require," the Commission properly reasoned that this was not such a case. I.C. § 72-1368(7). Pneumotech had sufficient opportunity to present evidence during the initial hearing, and the notice for the August 10 hearing before the appeals examiner specifically warned Pneumotech that it was responsible for submitting all crucial evidence at that hearing.[1] Further, the notice also explained Pneumotech's right to request, within ten days of the decision, that the hearing be reopened for submission of new evidence. Because Pneumotech was presented with and apparently failed to heed these express warnings, it cannot now complain that justice required the Commission to order a new hearing. Thus, the Commission did not abuse its discretion in denying Pneumotech's request.

C. **The Commission's denial of a new hearing did not amount to a violation of procedural due process.**

Pneumotech next argues that the Commission's denial of a new hearing violated its right to procedural due process, specifically asserting that service of the compact disc of the hearing did not provide it with sufficient notice that the seven-day period for requesting a new hearing was

---

[1] The notice cautioned, "The Appeal Hearing **MAY** be your only chance to present witnesses and give evidence about your side of the issue. Except in rare circumstances, you will not be allowed to present additional evidence upon further appeal." Further, the notice contained copies of all exhibits that were to be considered by the appeals examiner and warned, "Any documents that **YOU** want considered at the hearing must be submitted immediately to the Appeals Bureau and all other interested parties of the case."

4

triggered. The Department responds that the notice provided was more than adequate, and Pneumotech either knew or should have known the compact disc constituted the "record" triggering the R.A.P.P. 7(A) time period.

Although Pneumotech may have a property interest in seeing that benefits are not awarded erroneously,[2] Pneumotech was provided with ample opportunity to defend that interest at the initial hearing before the appeals examiner. As the U.S. Supreme Court has noted, "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation omitted); *accord Neighbors for a Healthy Gold Fork*, 145 Idaho at 127, 176 P.3d at 132. The Supreme Court has held that this requires notice and, in some circumstances, an evidentiary hearing. *Id*. Here, Pneumotech was undisputedly provided both through the clear notice of and opportunity to participate in the initial hearing. In fact, the Department made doubly sure that Pneumotech's opportunity was meaningful by including in the hearing notice the specific warnings on the importance of submitting all evidence at that hearing. Thus, Pneumotech's due process rights were satisfied by the initial hearing alone.

> **D.      Substantial and competent evidence supported the Commission's determination that Hopkins was entitled to unemployment benefits.**

Pneumotech also argues that the Commission erred in determining that Hopkins' employment was not terminated for reasons of misconduct and that she was therefore entitled to unemployment benefits. In so doing, the company essentially takes issue with the Commission's findings of fact regarding Hopkins' conduct. The Department responds that substantial and competent evidence supported the Commission's finding that Hopkins was not terminated for misconduct.

An employee who has been discharged on grounds of work-related misconduct is not eligible for unemployment compensation benefits. I.C. § 72-1366(5). The burden of proving misconduct falls strictly on the employer, and when this burden is not met, benefits must be awarded. *Mussman v. Kootenai County*, 150 Idaho 68, 71, 244 P.3d 212, 215 (2010). In determining whether Hopkins' conduct constituted misconduct, the Commission inquired whether her conduct fell below a standard of behavior Pneumotech had a right to expect. *See Harris v.*

---

[2] *See* 26 U.S.C. §§ 3301–3311; I.C. §§ 72-1349, 72-1351.

*Electrical Wholesale*, 141 Idaho 1, 4, 105 P.3d 267, 270 (2004).[3] As the Commission correctly noted, this standard employs a two-part test, inquiring (1) whether the employee's conduct fell below a standard of behavior the employer had a right to expect, and (2) whether the employer's expectations were objectively reasonable under the circumstances. *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 837, 933 P.2d 642, 646 (1997). In order for an employer's expectations to be objectively reasonable, they normally must have been communicated to the employee or "flow naturally" from the employment relationship. *Id.* at 838, 933 P.2d at 647. Whether an employer's expectation has been reasonably communicated and whether the employee failed to meet those expectations are findings of fact that will not be overturned if supported by substantial and competent evidence. *See Mussman*, 150 Idaho at 71, 244 P.3d at 215.

Here, the Commission found by a preponderance of the evidence that Pneumotech had the following reasonable expectations: (1) that she would work her scheduled hours unless she had permission to be late or absent; (2) that she would not play video games when she was expected to perform tasks for Pneumotech; and (3) that she would cooperate in the training of the new assistant. Further, the Commission found that Hopkins had failed to breach any of these expectations. Substantial and competent evidence supports those findings. It is true that Pneumotech presented testimony that: (1) for two years Hopkins had been habitually late to work, (2) she took time off without supervisor permission, (3) she took sick time off but went to the water park instead, (4) she spent time at work playing video games and talking on her cell phone, and (5) she failed to help train a new employee when asked. However, Hopkins denied all of those accusations, including that her supervisor had repeatedly warned her that her conduct was unacceptable. She acknowledged that she had missed some work for personal and medical reasons, but testified that she received supervisor permission before each absence. Moreover, the supervisor confirmed that Hopkins never received a written warning or suspension, and in January 2009, she received a $2-per-hour raise.

Although Pneumotech appears to request that this Court reweigh the evidence on appeal, that is not our role. Where supported by substantial and competent—although conflicting—evidence, the findings reached by the Commission will be upheld regardless of whether we may have reached a different conclusion. *Harris*, 141 Idaho at 3, 105 P.3d at 269; *Oxley v. Med. Rock Specialties, Inc.*, 139 Idaho 476, 479, 80 P.3d 1077, 1080 (2003) (holding that the Commission's

---

[3] Pneumotech makes no argument that this legal analysis was in error.

conclusions as to credibility and weight of evidence will not be disturbed unless clearly erroneous). Thus, the Commission did not err in determining that Hopkins was entitled to unemployment benefits.

## IV.
## CONCLUSION

We find that the Commission did not abuse its discretion or violate Pneumotech's right to procedural due process in denying the company's request for a new hearing. Further, substantial and competent evidence supported the Commission's decision to uphold Hopkins' award of unemployment benefits. Accordingly, we affirm. Costs on appeal are awarded to the Department.

Chief Justice BURDICK, and Justices EISMANN, W. JONES and HORTON CONCUR.