# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40578

| | | |
|---|---|---|
| MARCO ANTONIO FONSECA, | ) | |
| | ) | |
| Claimant-Appellant, | ) | Boise, January 2014 Term |
| | ) | |
| v. | ) | 2014 Opinion No. 33 |
| | ) | |
| CORRAL AGRICULTURE, INC., Employer, | ) | Filed: March 19, 2014 |
| and IDAHO STATE INSURANCE FUND, | ) | |
| Surety, | ) | Stephen Kenyon, Clerk |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The Commission's denial of Fonseca's workers' compensation claim is <u>affirmed</u>.

Hammond Law Office, P.A., Caldwell, for appellant. Richard L. Hammond argued.

Idaho State Insurance Fund, Boise, for respondents. David J. Lee argued.

_____

HORTON, Justice.

This is an appeal from a decision of the Industrial Commission (Commission). The Commission denied Marco Fonseca workers' compensation benefits after concluding he failed to prove he suffered an accident in September 2010. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, Corral Agriculture, Inc. (Corral) contracted with Williamson Orchards to provide laborers to pick apples. Corral was a corporation owned by Roberto Corral, Sr. (Roberto Sr.) with around 500 employees. The corporation has since been dissolved. Roberto Corral, Jr. (Roberto Jr.) was a supervisor for Corral and supervised Jorge Coronado, a work crew leader, while Corral was working with Williamson Orchards. Williamson Orchards is a fruit growing operation owned by brothers Roger Williamson and John Williamson. Roger Williamson is the president, overseeing office management, and John Williamson is the vice-president and in charge of all field operations, including the orchards.

1

In September 2010, Fonseca worked as a laborer for Corral as a member of Coronado's crew at Williamson Orchards. Fonseca's workers' compensation complaint stems from an injury he claims to have suffered while working on or about September 10, 2010. Fonseca states that he was picking apples near the top of a ten or fifteen foot ladder when the ladder broke, causing him to fall to the ground and resulting in an injury to his hip and back. On September 24 and October 10, 2010, Fonseca went to the Terry Reilly clinic. Fonseca was seen by Dr. Partridge on both occasions and on both occasions presented with stomach problems. Fonseca testified that he reported his fall and his hip and back pain to Dr. Partridge on both visits but the medical records contain no notes regarding the fall or complaints of hip or back pain.

On December 15, 2010, the same day Fonseca signed his compensation claim, Fonseca presented to the West Valley Medical Center emergency room with complaints of hip and back pain. Fonseca was examined by Dr. Wasielewski. Dr. Wasielewski reported Fonseca had a limping gait, but found that Fonseca had normal range of motion and no motor or sensory deficits. Dr. Wasielewski concluded that Fonseca had suffered a hip injury.

The hearing on Fonseca's claim was conducted on January 10 and March 2, 2012. Fonseca speaks Spanish and an interpreter was present both days of the hearing. The referee heard testimony from Fonseca, Sarai Fonseca (Fonseca's adult daughter), Ana Fonseca (Fonseca's wife), Roger Williamson, John Williamson, Coronado, and Roberto Jr. At the hearing, Fonseca sought to introduce Spanish-language medical records relating to medical visits following his injury. The referee initially indicated that the records would be admitted and that the interpreter could translate the records. However, the referee later determined that the evidence was not admissible because it was not intelligible to all the parties. The referee concluded that any Spanish-language documentary evidence which Fonseca sought to introduce needed to be translated at Fonseca's expense prior to being admitted.

On October 23, 2012, the referee issued his Findings of Fact, Conclusions of Law and Recommendation. The referee found that Fonseca's accounts of his accident were not consistent, and after observing Fonseca at the hearings and comparing the "numerous" "irreconcilable inconsistencies" between his testimony and the other evidence in the record, the referee characterized Fonseca's credibility as "suspect." The referee noted that while Fonseca's account of the accident was supported by the testimony of his wife and daughter, who confirmed they saw him in pain on September 10, 2010, his wife and daughter were not able to support

2

Fonseca's account of the accident. The referee also found that the signed statements of three Corral employees, Marquez, Aguilar, and Diaz, offered by Fonseca to corroborate his description of the accident, were not helpful as they did not describe the accident or identify Fonseca as the injured party.

Further, while Fonseca testified that on the day of his fall one of the Williamsons saw him and that Fonseca explained the situation to him, John Williamson testified that he did not recall seeing Fonseca or being told of a fall or broken ladder on the date in question and that if such accident had occurred, he would have been the individual notified. Fonseca also testified that he repeatedly told Coronado of his accident, but Coronado testified that the accident was never reported to him and that he was not in the area at the time of the accident. Fonseca also testified that he repeatedly told Roberto Jr. of the accident but Roberto Jr. testified that he first heard that Fonseca was injured in late November or early December 2010.

The referee concluded that Fonseca had "not proven that he suffered an accident while picking apples." The Commission adopted the referee's findings of fact and conclusions of law in its final order entered on November 8, 2012. Fonseca timely appealed. Specifically, Fonseca challenges the referee's failure to admit evidence at the hearings and the requirement that documentary evidence be presented in English. Fonseca also appeals the referee's decision to deny the relief requested in two motions for sanctions filed by Fonseca in connection with discovery. After filing his notice of appeal, Fonseca made a request to augment the agency record, and the Commission denied this request. Fonseca appeals this order as well.

## II. STANDARD OF REVIEW

"When reviewing a decision by the Industrial Commission, this Court exercises free review over the Commission's conclusions of law, but will not disturb the Commission's factual findings if they are supported by substantial and competent evidence." *Knowlton v. Wood River Med. Ctr.*, 151 Idaho 135, 140, 254 P.3d 36, 41 (2011) (citing I.C. § 72–732). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 584–85, 272 P.3d 554, 556–57 (2012) (quoting *Uhl v. Ballard Med. Prod., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). This Court will not re-weigh the evidence and "[t]he Commission's conclusions regarding the credibility and weight of evidence will not be disturbed unless they are clearly erroneous." *Knowlton*, 151 Idaho at 140, 254 P.3d at 41.

3

A three-part test is used when reviewing whether the Commission abused its discretion. This Court determines: "(1) whether the Commission correctly perceived the issue as one of discretion, (2) whether it acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and (3) whether it reached its decision by an exercise of reason." *Flowers v. Shenango Screenprinting, Inc.*, 150 Idaho 295, 297, 246 P.3d 668, 670 (2010) (quoting S*uper Grade, Inc. v. Idaho Dep't of Commerce and Labor*, 144 Idaho 386, 390, 162 P.3d 765, 769 (2007)).

### III. ANALYSIS

**A. The Commission did not err by denying Fonseca's request to augment the record on appeal.**

Fonseca filed a request to augment the agency record on appeal pursuant to I.A.R. 29(a). The Commission denied this request, explaining that Fonseca had requested documents that did not exist or were already included in the record on appeal. Fonseca argues that this was in error, particularly with regard to an audio recording of an off-the-record discussion at the January 10, 2012 hearing. At oral argument, Fonseca's attorney asserted that he was certain the audio recording was in existence. Corral[1] disagrees and argues that the Commission did not err in denying Fonseca's request because the records do not exist.

When reviewing a decision regarding the settling of the record and transcript on appeal pursuant to I.A.R. 29(a), this Court applies an abuse of discretion standard. *Rizzo v. State Farm Ins. Co.*, 155 Idaho 75, 79, 305 P.3d 519, 523 (2013). Idaho Appellate Rule 28(c) states that an agency record will "include all additional documents requested by any party in the notice of appeal" and that "[a]ny party may request any written document filed or lodged" with the agency to be included. I.A.R. 28(c). Transcripts on appeal from the Commission must be requested as there is no standard transcript. *See* I.A.R. 25(c).

In this case, Fonseca requested the entire transcript from the January 10, 2012 hearing, and the entire transcript provided by the reporter is included in the record. The Commission correctly recognized that submission of the hearing transcript on appeal is governed by I.A.R 25, indicating that the Commission acted consistently with the legal standards applicable to Fonseca's request. Though Fonseca has the right to request inclusion of additional documents,

---

[1] We are mindful that there are two respondents in this appeal, Corral and Corral's surety, Idaho State Insurance Fund. As the respondents are represented by the same attorney and filed a joint brief, consistent with the objectives of I.A.R. 35(c), this opinion will hereafter refer to respondents collectively as "Corral."

the Commission need not duplicate records that are already included in the record on appeal nor does the Commission have the obligation—much less the ability—to include that which does not exist.[2]

The Commission reached its decision to deny Fonseca's request to augment the record after perceiving the issue as discretionary, by an exercise of reason, and consistently with the applicable rules governing the creation and augmentation of the record on appeal. Accordingly, we conclude that Fonseca has failed to demonstrate that the Commission abused its discretion by denying his motion to augment the record.

**B. The Commission did not err by excluding medical records written in Spanish.**

The referee refused to admit four pages of medical records which Fonseca sought to introduce as evidence. The records are written in Spanish and Fonseca provided no translation of the documents. Fonseca presents two issues on appeal in connection with the exclusion of these records. First, Fonseca argues the Commission erred in the application of J.R.P. 10(G), arguing that this rule requires all medical records be admitted into evidence at Commission hearings. Second, Fonseca argues that the Commission violated his state and federal constitutional rights, asserting that requiring Fonseca to obtain a translation of the documents at his own expense violated his right to substantive and procedural due process and his equal protection rights. Corral argues that the Commission did not abuse its discretion by excluding medical records that could not be understood by all parties involved. We first address the admissibility of the records before turning to Fonseca's constitutional claims.

This Court has recognized that the Commission has the "discretionary power to consider any type of reliable, trustworthy evidence having probative value . . . even though that evidence may not be admissible in a court of law." *Mazzone v. Texas Roadhouse, Inc.*, 154 Idaho 750, 758, 302 P.3d 718, 726 (2013) (quoting *Hite v. Kulhenak Bldg. Contractor*, 96 Idaho 70, 72, 524 P.2d 531, 533 (1974)). Because the Commission conducts proceedings with the objectives of simplicity, accommodation of the claimants, and justice, the admission of evidence is more relaxed. *Id.* Accordingly, the exclusion of evidence based on strict application of the rules of

---

[2] We are unable to find error based upon counsel's assertion of belief that a record of the discussion exists when the Commission determined that it did not, as this is a question of fact. Further, even if this Court were free to second-guess such a determination solely upon counsel's sincere belief that the recording exists, we would not be so inclined. This issue relates to an off-the-record discussion. An off-the-record discussion is "not recorded as official evidence of a proceeding." Black's Law Dictionary 1196 (9th ed. 2009). It is improbable, although certainly not impossible, that a discussion that was not supposed to be recorded was in fact recorded.

evidence may "amount to reversible error." *Mussman v. Kootenai Cnty.*, 150 Idaho 68, 73, 244 P.3d 212, 217 (2010). Rule 10(G) of the Judicial Rule of Practice and Procedure under the Idaho Workers' Compensation Law governs the admission of medical records at a hearing before the Commission or referee. It states: "Any medical report(s) existing prior to the time of hearing, signed and dated by a physician, or otherwise sufficiently authenticated, *may* be offered for admission as evidence at the hearing. The fact that such report(s) constitutes hearsay shall not be grounds for its exclusion from evidence." J.R.P. 10(G) (emphasis added). Accordingly, the decision to admit medical records into evidence is a matter of discretion.

Here, Corral objected to the admissibility of the medical records based on relevancy and because the records were not in a form that Corral's counsel could understand. Fonseca asserted that the records were relevant as they were evidence of Fonseca's injury and demonstrated that Fonseca sought treatment. Ultimately, the referee decided that the records would be excluded because they were not "readily decipherable to all the parties." The referee indicated that the documents needed to be in a "form that the Commission can understand [them] and certainly all participants, the parties." The referee did not decide to exclude the evidence based on a strict application of the rules of evidence in a way that would warrant reversal, but made the decision based on reliability and the reasonable conclusion that if the Commission could not read the records they were not reliable or probative. We conclude that Fonseca has failed to demonstrate an abuse of discretion in the exclusion of the records.

Fonseca's next argument focuses on the Commission's conclusion that Fonseca was responsible for providing a certified translation of the records. Fonseca argues that the Commission violated his constitutional rights by failing to allow the interpreter, who was present at the hearing for Fonseca's benefit, to translate the records and that requiring Fonseca to provide a translation constituted a violation of Fonseca's rights to procedural due process and equal protection. We decline to fully address these arguments because Fonseca failed to show he was prejudiced by the Commission's decision.

"This Court will not reverse the decision of the Industrial Commission when evidentiary errors are harmless." *Mazzone*, 154 Idaho at 760, 302 P.3d at 728. An error is harmless if it does not affect the substantial rights of a party. *Clark v. Klein*, 137 Idaho 154, 156, 45 P.3d 810, 812 (2002). A substantial right is one that potentially affects the outcome of the litigation and the burden of showing a prejudicial error rests with the appellant. *See Rogers v. Trim House*, 99

6

Idaho 746, 749, 588 P.2d 945, 948 (1979). We are unable to determine whether Fonseca was prejudiced by the exclusion of these records because Fonseca has failed to show how the exclusion of these records affected a substantial right. There is nothing in the record which suggests what the content of the excluded records may be. We cannot address the impact of the asserted error if we do not know the substance of the excluded evidence.

## C. Fonseca has failed to preserve his claim of an abuse of discretion in the denial of his motions for discovery sanctions.

Fonseca made two motions for sanctions regarding Corral's discovery responses asserting that Corral failed to properly respond to Fonseca's discovery requests. Both motions were denied. We do not reach the merits of this issue on appeal as the errors were not preserved.

"Idaho Code § 72-506 provides that orders, decisions, or awards made by a referee become orders or decisions of the Commission only when approved or confirmed by the Commission." *Simpson v. Louisiana-Pac. Corp.*, 134 Idaho 209, 211, 998 P.2d 1122, 1124 (2000). As such, "interlocutory orders issued by a referee that are not approved or adopted by the Commission are not final decisions or orders and are thus not appealable." *Ball v. Daw Forest Prod. Co.*, 136 Idaho 155, 160, 30 P.3d 933, 938 (2001). However, if the referee's conclusion on the interlocutory order is referred to in the referee's findings and recommendation, and the Commission subsequently adopts the same, then the interlocutory order will be considered an order of the commission and subject to appeal. *Id.*

Here, both orders denying Fonseca's requests for discovery sanctions were interlocutory orders unmentioned in the referee's findings of fact, conclusions of law, and recommendation. The Commission adopted the referee's findings of fact and conclusions of law, but did not address the motions for sanctions or their subsequent denial. Consequently, neither of the orders denying Fonseca's motions for sanctions became final and appealable orders of the Commission.

In *Wheaton v. Indus. Special Indem. Fund*, 129 Idaho 538, 928 P.2d 42 (1996), "this Court addressed the procedure to obtain an appealable order on matters that were decided by the referee but not addressed in the adopted findings of fact and conclusions of law." *Simpson*, 134 Idaho at 211, 998 P.2d at 1124. This Court observed that a party may move for reconsideration of the Commission's decision under I.C. § 72-718, and the denial of this motion, or the ruling on the motion, is a final decision appealable to this Court. *See Wheaton*, 129 Idaho at 540, 928 P.2d at 44. Moving for reconsideration is the procedure "by which a party may seek a ruling by the Commission on a matter decided by a referee." *Id.* Fonseca failed to move for reconsideration of

7

the orders denying sanctions in order to obtain a final decision from the Commission. Therefore, the referee's orders on sanctions are not final, and are therefore, not appealable, and will not be addressed.

## D. There is substantial and competent evidence to support the Commission's order.

The Commission adopted the referee's finding that Fonseca failed to prove he suffered an accident while picking apples for Corral. The referee explained that Fonseca's credibility was suspect and that this lack of credibility was pivotal to this finding. Particularly, the referee noted that Fonseca's testimony was both internally inconsistent and inconsistent with the other evidence presented at the hearing. Fonseca argues that the Commission did not have substantial and competent evidence to deny his claim.[3] We disagree.

"An employee is entitled to compensation" if "the employee suffers an injury caused by an accident 'arising out of and in the course of any employment.'" *Clark v. Shari's Mgmt. Corp.*, 155 Idaho 576, 579, 314 P.3d 631, 634 (2013) (quoting *Dinius v. Loving Care and More, Inc.*, 133 Idaho 572, 574, 990 P.2d 738, 740 (1999)). An "accident" is an "unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72-102(18)(b).

When making the determination of whether an accident occurred, this Court has consistently explained that we do not determine the "weight and credibility of testimony" or "resolve conflicting interpretations of testimony," as this is squarely within the province of the Commission. *Harris v. Indep. School. Dist. No. 1*, 154 Idaho 917, 925, 303 P.3d 604, 612 (2013) (quoting *Henderson v. McCain Foods, Inc.*, 142 Idaho 559, 565, 130 P.3d 1097, 1103 (2006)). Instead, we review "all facts and inferences in the light most favorable to the party who prevailed before the Commission." *Clark*, 155 Idaho at 579, 314 P.3d at 634. Consistent with the Commission's authority to make credibility determinations, we will uphold their determination if it is supported by substantial and competent evidence. *Id.* at 581, 314 P.3d at 636. At issue in this case is substantive credibility, which is "judged on the grounds of numerous inaccuracies or

---

[3] Tied to this argument, Fonseca asserts that the Commission failed to account for witness statements of Nazario Marquez, Bruno Aguilar C., and Feliciano Diaz, which Fonseca argues support his position. This argument is without merit as the referee's recommendation, adopted by the Commission, specifically stated: "Claimant submitted the translated signed statements of three Corral Agriculture employees," Marquez, Aguilar, and Diaz and specifically concluded that "the weight afforded this evidence is less than that attributed to the testimony of the hearing witnesses."

8

conflicting facts." *Id.* (quoting *Moore v. Moore*, 152 Idaho 245, 254, 269 P.3d 802, 811 (2011)). The inquiry is whether there is substantial consistency in the testimony regarding the accident which is supported by the other evidence in the record. *Id.*

Here, the referee identified inconsistencies in Fonseca's testimony regarding the accident and the symptoms resulting therefrom. For example, Fonseca testified at the hearing that the accident occurred on September 10, 2010, in the morning, and that after the fall he laid on the ground for around thirty minutes before he proceeded to work for a few hours. In his deposition, Fonseca stated the injury occurred on September 17, 2010, at 4:00 in the afternoon. His injury report also indicates the injury occurred at 4:00 in the afternoon.

While Fonseca consistently maintained that the accident occurred by falling from a ladder and that this accident caused an injury to his back and hip, this testimony is not supported by the other evidence in the record. Fonseca testified that he reported the fall from the ladder to medical providers at Terry Reilly clinic. However, the medical records from his visits on September 24 and October 11, 2010, make no mention of any hip or back pain, much less a work injury. Rather, they exclusively address Fonseca's stomach problems. The first time that Fonseca met with a doctor who reported his claim of a fall and resultant pain was the day Fonseca met with his attorney.

Fonseca testified that on the day of the accident he notified one of the Williamson brothers. John Williamson testified that he would have been the person notified and that he did not remember an accident on the date in question. Fonseca testified that he told Coronado of the accident; Coronado testified that he did not hear of the accident. Fonseca testified that he told Roberto Jr. of the accident on the day of the accident; Roberto Jr. testified that Fonseca didn't notify him that he was injured until late November or early December.

The referee observed that the testimony of the other individuals whom Fonseca claimed to have been present at the time of the accident refuted Fonseca's account of the accident, and that his medical records near the time of the alleged accident make no mention of any back or hip pain, let alone an accident. We conclude that there is substantial evidence supporting the Commission's determination that Fonseca failed to prove that he suffered an accident while picking apples for Corral.

**E.  Corral is not entitled to attorney fees on appeal.**

9

Corral requests attorney fees pursuant to I.R.C.P. 11(a)(1) and I.C. § 12-121. Corral argues that Fonseca has failed to present any argument on appeal that is well-grounded in fact or warranted by law. Specifically, Corral asserts that Fonseca is simply asking this Court to re-try the case despite his awareness that there is substantial and competent evidence to support the Commission's conclusions. Fonseca counters that sanctions are only appropriate when improper purpose or bad faith are shown. We agree.

Typically, this Court does not award attorney fees on a claimant's appeal from a decision of the Commission. *See* I.C. § 72-1375(2). We also note that I.R.C.P. 11(a)(1) deals with the authority of "district courts and the magistrate's divisions of the district courts in the state of Idaho" to impose sanctions in regard to civil cases. I.R.C.P. 1(a). This is an appeal from an administrative order, thus I.R.C.P. 11 provides no basis for the imposition of attorney fees in this case. However, Corral's brief advanced an argument based upon our decision in *Talbot v. Ames Const.*, 127 Idaho 648, 904 P.2d 560 (1995). There, this Court awarded sanctions under the authority of I.A.R. 11.1, now designated as I.A.R 11.2. *Id.* at 653, 904 P.2d at 565. This rule contains similar language to I.R.C.P. 11(a)(1). Because I.A.R. 11.2 is the proper authority for this request, we will address Corral's argument.

Under I.A.R. 11.2(a), every brief "shall be signed by at least one (1) licensed attorney of record of the state of Idaho." This signature certifies:

> [T]hat the attorney or party has read the notice of appeal, petition, motion, brief or other document; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

I.A.R. 11.2(a). If a brief is signed in violation of this rule, this Court shall impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the notice of appeal, petition, motion, brief or other document including a reasonable attorney's fee." *Id.* The authority to order sanctions, in the form of attorney fees, sits within the inherent power of the courts as a means to "protect and maintain the dignity and integrity of the courtroom and to achieve the orderly and expeditious disposition of cases." *Talbot*, 127 Idaho at 652, 904 P.2d at 564.

Pursuant to this rule, even when substantial and competent evidence exists and the claimant mounts a factually-based appeal, we impose sanctions under I.A.R. 11.2 only if the

"party requesting them proves: (1) the other party's arguments are not well grounded in fact, warranted by existing law, or made in good faith, and (2) the claims were brought for an improper purpose, such as unnecessary delay or increase in the costs of litigation." *Stolle v. Bennett*, 144 Idaho 44, 51, 156 P.3d 545, 552 (2007) (quoting *Frank v. Bunker Hill Co.*, 142 Idaho 126, 132, 124 P.3d 1002, 1008 (2005)). Corral asserts that the absence of a proper purpose is the same as an improper purpose, warranting the imposition of a sanction. In support of this position, Corral offers the *Talbot* case, where this Court concluded that an appeal was brought in bad faith after noting there was "no good-faith argument by this attorney for an extension or modification of existing law." *Talbot*, 127 Idaho at 653, 904 P.2d at 565.

Bad faith and improper purpose involve a degree of dishonesty in purpose, not simply the absence of a quality argument on appeal. In *Talbot*, we did not award fees simply due to the absence of a proper purpose, we noted that not only was their no good-faith argument in law, but that counsel admitted during oral argument that there was substantial and competent evidence to support the Commission's findings; as such, this Court determined there were no legal arguments presented to the Court, and ultimately that counsel "had no basis for this appeal, wasted judicial resources, and acted in bad faith." *Id.* Here, Corral had the burden to show more than the "absence of good-faith" and has failed to show that Fonseca's counsel's conduct rose to the level of bad faith and improper purpose. *See also, Stolle*, 144 Idaho at 51, 156 P.3d at 552 (awarding sanctions when appeal only asked this Court to re-weigh the evidence and this Court found that the appeal constituted a waste of judicial resources for an "inconsequential sum of money" sufficient to allow this Court to conclude that the appeal was brought for an improper purpose). Accordingly, we will not impose sanctions in the form of attorney fees.

As to Corral's request under I.C. § 12-121, in *Curtis v. M.H. King Co.*, this Court noted:

> Idaho Code § 12–121 permits an award of attorney fees in a civil action to the prevailing party if the court determines the case was brought, pursued or defended frivolously, unreasonably or without foundation. The statute in question does not, however, provide authority for an award of attorney fees on appeals from administrative agency rulings. Because the present action comes to this Court on an appeal from the Industrial Commission, the Defendants cannot be granted attorney fees on appeal pursuant to I.C. § 12–121.

142 Idaho 383, 388–89, 128 P.3d 920, 925–26 (2005) (internal citations omitted). This is an appeal from the Commission. Accordingly, Corral cannot be granted attorney fees on appeal pursuant to I.C. § 12-121.

11

## IV. CONCLUSION

We affirm the Commission's denial of Fonseca's workers' compensation claim. We award costs, but not attorney fees, to Corral.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.